KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
BERKELEY G. FIFE (CA SBN 325293)
BFife@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600

JOHN R. LANHAM (CA SBN 289382)
JLanham@mofo.com
JANET S. KIM (CA SBN 313815)
JKim@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100

Attorneys for Plaintiffs
MITCHELL REPAIR INFORMATION
COMPANY, LLC and SNAP-ON
INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL REPAIR INFORMATION COMPANY, LLC, a Delaware limited liability company, and SNAP-ON INCORPORATED, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUTEL. US INC., a New York corporation, and AUTEL INTELLIGENT TECHNOLOGY CORP., LTD., a Chinese corporation,<br><br>Defendants. | Case No. 3:21-cv-01339-CAB-BGS<br><br>**PLAINTIFFS MITCHELL REPAIR INFORMATION COMPANY, LLC'S AND SNAP-ON INCORPORATED'S *EX PARTE* MOTION TO FILE DOCUMENTS UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Courtroom: 15A<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>**Jury Trial Demanded** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Mitchell Repair Information Company, LLC ("Mitchell 1") and Snap-on Incorporated ("Snap-on") (collectively, "Plaintiffs") hereby move *ex parte*, pursuant to U.S. District Court for the Southern District of California Civil Local Rule 79.2 and 83.3(g), to file under seal portions of the following documents:

(i) *Ex Parte* Motion for: (1) Temporary Restraining Order and (2) Order to Show Cause Regarding Preliminary Injunction; Memorandum of Points and Authorities in support thereof ("*Ex Parte* Motion for Injunctive Relief");

(ii) the Declaration of Bradley Lewis in support thereof;

(iii) the Declaration of Daniel Roffman in support thereof; and

(iv) the Declaration of Jeff Grier in support thereof.

In addition, Plaintiffs seek to file under seal Exhibits 8, 10, and 11, and to redact personal identifying information from Exhibits 12 and 14, to the Declaration of Bradley Lewis in support thereof.

Pursuant to Civil Local Rule 83.3, Counsel for Plaintiffs informed Defendant Autel. US Inc. ("Autel US") that Plaintiffs were seeking *ex parte* relief in this Court via a letter personally served on Autel US's California registered agent on July 27, 2021 and personally served on an authorized employee at Autel US's headquarters in New York on July 28, 2021. (Declaration of Janet S. Kim ("Kim Decl.") ¶¶ 3-4; Ex. 1.) In the letter, Plaintiffs' counsel offered to speak with Defendants about this lawsuit and forthcoming motions, but have not heard from Defendants as of the time of this filing. (*Id.* ¶ 3; Ex. 1.) Plaintiffs also sent the same letter to Defendants via the following means on July 27, 2021: certified mail to Autel US's headquarters, email to Autel US's public sales and support email addresses, facsimile to Autel US's public fax address, certified mail to Autel US's California registered agent, Priority Mail International to Autel US's parent corporation Autel Intelligent Technology Corp., Ltd. ("Autel ITC"), email to Autel ITC's public sales and support email

addresses, and facsimile to Autel ITC's public fax address. (*Id.* ¶ 2; Ex. 1.) Counsel for Plaintiffs are also providing Autel US and Autel ITC with a copy of this *Ex Parte* Motion, and all supporting documentation, via similar means as identified above, including process server hand-delivery, overnight mail, email, and facsimile. (*Id.* ¶ 5.)

This motion for relief is based on this notice and Memorandum of Points and Authorities; the Declarations of Bradley Lewis and Janet S. Kim; the Proposed Order Granting Plaintiffs' *Ex Parte* Motion to File Documents Under Seal; all papers on file in this action; and any argument the Court may hear.

Dated: July 28, 2021                 Respectfully submitted,

MORRISON & FOERSTER LLP


By:  */s/ Kenneth A. Kuwayti*
          KENNETH A. KUWAYTI
          KKuwayti@mofo.com

Attorneys for Plaintiffs
MITCHELL REPAIR INFORMATION
COMPANY, LLC and SNAP-ON
INCORPORATED

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENT

### A. Legal Standard

Although there is a "general right to inspect and copy public records and documents," the right "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* at 598; *Valley Broad. Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1996) (noting considerations that weigh against disclosure include "the likelihood of an improper use, including . . . trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights") (internal quotation and citation omitted); *Sullivan v. Deutsche Bank Americas Holding Corp.*, 2010 WL 3448608, at *2 (S.D. Cal. Aug. 31, 2010) (finding "likelihood of an improper use by competitors and the proprietary nature of the confidential information" compelling reason to seal documents).

Courts have "broad latitude . . . to prevent disclosure of materials for many types of information." *Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The public's common law right of access to judicial records "does not apply to documents filed under seal." *Id.* at 1213.

The Ninth Circuit has defined a trade secret in the context of a motion to seal as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b); *see also In re Incretin-Based Therapies Prod. Liab. Litig.*, 2015 WL 11658712, at *1-2 (S.D. Cal. Nov. 18, 2015). Other courts applying this definition have concluded that detailed product-specific financial information, customer information, and internal reports are appropriately sealable under the compelling reasons standard where that information

could be used to the company's competitive disadvantage. *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013); *see also Asetek Danmark A/S v. CMI USA, Inc.*, 2015 WL 4116738, at *2 (N.D. Cal. July 7, 2015). Similarly, courts have maintained documents under seal where the information contained therein could permit competitors to "gain access to operational and personnel information, projections and modeling, and strategic positioning vis-a-vis its competitors." *Rich v. Shrader*, 2013 WL 6190895, at *2 (S.D. Cal. Nov. 26, 2013).

### B. There Are Compelling Reasons for Filing Certain Information Identified Herein Under Seal

In this case, all of the compelling reasons identified above exist to substantiate filing certain portions of Plaintiffs' *Ex Parte* Motion for Injunctive Relief and supporting declarations under seal. Plaintiffs' request is narrow in scope as it applies only to the portions of the documents that are subject to sealing. Plaintiffs are concurrently filing public, redacted copies of their *Ex Parte* Motion for Injunctive Relief, supporting declarations, and exhibits on the Court's docket. (Lewis Decl.[1] ¶ 3.)

These documents should be sealed because they contain confidential business information, highly technical trade secrets and confidential information pertaining to software specifications and data security measures, as well as confidential business information, including competitively-sensitive financial information. (*Id.* ¶ 5.) Indeed, this very information is at the heart of this lawsuit alleging improper access to proprietary and protected information of Plaintiffs.

By way of illustrative example, paragraphs 20-21, 26, 47 of the Roffman Declaration and paragraphs 94, 96, 98, 100, 104 and Exhibits 8, 10, and 11 of the Lewis Declaration in support of Plaintiffs' *Ex Parte* Motion for Injunctive Relief

---

[1] Declaration of Bradley Lewis in Support of Plaintiffs' Ex Parte Motion to File Documents Under Seal and Plaintiffs' Ex Parte Motion for Entry of Interim Protective Order, filed concurrently herewith ("Lewis Decl.").

disclose details of countermeasures that Plaintiffs took in response to the attacks on its system by Defendants. (*Id.* ¶ 9.) If Defendants or others were to learn the specifics of those countermeasures, Plaintiffs' systems would be more vulnerable to attacks. (*Id.*)

Similarly, by way of illustrative example, paragraphs 9-10, 21-22 of the Grier Declaration, paragraphs 11, 30-31, 63, 67 of the Roffman Declaration, and paragraphs 75-76 of the Lewis Declaration each discuss details about aspects of the security measures that Plaintiffs undertake to protect its proprietary diagnostic and repair data. (*Id.* ¶ 6.) This information would also render Plaintiffs' systems more vulnerable to attack if exposed. (*Id.*)

The redacted portions of paragraph 45 of the Lewis Declaration should also be sealed because they disclose the total amount of money that Plaintiffs pay to license OEM repair information data, which is non-public, competitively-sensitive information. (*Id.* ¶ 7.) Finally, Exhibits 12 and 14 to the Lewis Declaration include personal identifying information, including email addresses and phone numbers, which should be sealed for privacy reasons. (*Id.* ¶ 8.)

The other redacted portions of the Roffman Declaration, Lewis Declaration, and Grier declaration incorporate similarly confidential information. And the redacted portions of the *Ex Parte* Motion for Injunctive Relief incorporate confidential, business- and security-sensitive information from these declarations and exhibits.

All of the material sought to be sealed reflects confidential, proprietary, and specific information regarding Plaintiffs' data security measures, financial information, and personally identifying information for which Plaintiffs have taken reasonable steps to maintain their secrecy, whether through confidentiality agreements, nondisclosure agreements, disclosing such information solely on a "need-to-know" basis, through confidential licensing agreements, and through lawsuits to enforce Plaintiffs' rights, such as the instant one. (*Id.* ¶¶ 10-11.) This

1  Court has held that such information is readily subject to improper use resulting in
2  significant competitive harm if disclosed publicly and available to competitors.  *See*
3  *In re Incretin-Based Therapies*, 2015 WL 11658712, at *3.
4       For these reasons, the potential harm to Plaintiffs by the disclosure of this
5  information outweighs the public's interest in access to judicial records and an order
6  restricting its disclosure is warranted.  *See Nixon*, 435 U.S. at 598 ("the common-law
7  right of inspection has bowed before . . . the publication of . . . sources of business
8  information that might harm a litigant's competitive standing"); *In re Elec. Arts, Inc.*,
9  298 F. App'x at 569 (finding that licensing agreements containing pricing terms,
10 royalty rates, and guaranteed minimum payment terms plainly contained trade
11 secrets, and that the district court erred as a matter of law in not filing them under
12 seal); *Sai v. H&R Block Enters., Inc.*, 2009 WL 4928779, at *1 (D. Haw. Dec. 21,
13 2009) (filing under seal exhibits that contained "confidential and proprietary
14 financial information, including tax return and revenue targets related to Defendant's
15 seasonal promotions"); *Nygren v. Hewlett-Packard Co.*, 2010 WL 2107434, at *3 n.4
16 (N.D. Cal. May 25, 2010) (noting that defendants reasoning for keeping documents
17 under seal would meet compelling reasons standard when they demonstrated that
18 disclosure would harm their financial interests and competitive standing).

## II.  CONCLUSION

20     For the foregoing reasons, Plaintiffs respectfully requests the Court grant its
21 *ex parte* motion to file sealed versions of Plaintiffs' Motion for Injunctive Relief and
22 supporting declarations.

| | | |
|---|---|---|
| Dated: July 28, 2021 | | MORRISON & FOERSTER LLP |

By: */s/ Kenneth A. Kuwayti*
    KENNETH A. KUWAYTI
    KKuwayti@mofo.com

Attorneys for Plaintiffs
MITCHELL REPAIR INFORMATION COMPANY, LLC and SNAP-ON INCORPORATED