KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
BERKELEY G. FIFE (CA SBN 325293)
BFife@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600

JOHN R. LANHAM (CA SBN 289382)
JLanham@mofo.com
JANET S. KIM (CA SBN 313815)
JKim@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100

Attorneys for Plaintiffs
MITCHELL REPAIR INFORMATION
COMPANY, LLC and SNAP-ON
INCORPORATED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL REPAIR INFORMATION COMPANY, LLC, a Delaware limited liability company, and SNAP-ON INCORPORATED, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUTEL. US INC., a New York corporation, and AUTEL INTELLIGENT TECHNOLOGY CORP., LTD., a Chinese corporation,<br><br>Defendants. | Case No. 3:21-cv-01339-CAB-BGS<br><br>**PLAINTIFFS MITCHELL REPAIR INFORMATION COMPANY, LLC'S AND SNAP-ON INCORPORATED'S *EX PARTE* MOTION FOR (1) LEAVE TO TAKE EXPEDITED DISCOVERY AND (2) EVIDENCE PRESERVATION ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Courtroom: 15A<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>**Jury Trial Demanded** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Mitchell Repair Information Company, LLC ("Mitchell 1") and Snap-on Incorporated ("Snap-on") (collectively, "Plaintiffs") hereby move, pursuant to U.S. District Court for the Southern District of California Civil Local Rule 83.3(g) and Federal Rule of Civil Procedure 26, and having provided notice to Defendant Autel. US Inc. ("Autel US") of this motion, for an order: (1) allowing limited expedited discovery in the form of written and document discovery, one 30(b)(6) deposition, and forensic inspection of a limited set of Autel US devices that were used to circumvent Plaintiffs' access controls and obtain proprietary information; and (2) requiring Autel US, and those acting in concert with it, to preserve documents, metadata, and electronically-stored information relating to Plaintiffs' vehicle diagnostic and repair products.

Good cause exists for immediate discovery to preserve evidence of existing violations and because additional evidence of Autel US's continued unauthorized use of Plaintiffs' services exists in Autel US's records.  Forensic imaging is particularly relevant here because this case is about the use of electronic devices to circumvent security measures and steal proprietary data.  Forensic imaging that captures the electronic trail left by these devices will provide the most relevant evidence of that conduct.  Moreover, Autel US has demonstrated technical sophistication and a willingness to use this sophistication to intentionally violate the law.  Relevant evidence is at significant risk of being deleted, altered, or overwritten, whether inadvertently in the normal course of Autel US's businesses or deliberately, should discovery not proceed immediately to preserve this evidence.

Pursuant to Civil Local Rule 83.3, Counsel for Plaintiffs informed Autel US that Plaintiffs were filing this *Ex Parte* Motion for Expedited Discovery and Preservation in this Court via a letter personally served on Autel US's California registered agent on July 27, 2021 and personally served on an authorized employee at Autel US's headquarters in New York on July 28, 2021.  (Declaration of Janet S.

Kim ("Kim Decl.") ¶¶ 3-4; Ex. 1.)  In the letter, Plaintiffs' counsel offered to meet and confer about the *Ex Parte* Motion for Expedited Discovery and Preservation, but have not heard from Defendants as of the time of this filing.  (*Id.* ¶ 3; Ex. 1.) Plaintiffs also sent the same letter to Defendants via the following means on July 27, 2021: certified mail to Autel US's headquarters, email to Autel US's public sales and support email addresses, facsimile to Autel US's public fax address, certified mail to Autel US's California registered agent, Priority Mail International to Autel US's parent corporation Autel Intelligent Technology Corp., Ltd. ("Autel ITC"), email to Autel ITC's public sales and support email addresses, and facsimile to Autel ITC's public fax address.  (*Id.* ¶ 2; Ex. 1.)  Counsel for Plaintiffs are also providing Autel US and Autel ITC with a copy of this *Ex Parte* Motion for Expedited Discovery and Preservation, and all supporting documentation, via similar means as identified above, including process server hand-delivery, overnight mail, email, and facsimile.  (*Id.* ¶ 5.)  Because outside counsel for Autel US has not yet appeared, and because some of the supporting papers contain Plaintiffs' highly confidential business information, Plaintiffs are providing the public, redacted versions of those papers.  The motion itself, and the accompanying proposed discovery requests, have not been redacted.

This motion for relief is based on this notice and Memorandum of Points and Authorities; the concurrently filed Motion for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction and documents in support thereof, including the declarations of Bradley Lewis, Jeff Grier, and Daniel Roffman; the Declaration of Janet S. Kim; the Proposed Order Granting Plaintiffs' *Ex Parte* Motion for Expedited Discovery and Preservation; all papers on file in this action; and any argument the Court may hear.

1    Dated: July 28, 2021                    Respectfully submitted,

2                                            MORRISON & FOERSTER LLP

3

4                                            By: */s/ Kenneth A. Kuwayti*

5                                               KENNETH A. KUWAYTI
                                                KKuwayti@mofo.com

6
                                                Attorneys for Plaintiffs
7                                               MITCHELL REPAIR INFORMATION
                                                COMPANY, LLC and SNAP-ON
8                                               INCORPORATED

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................... 1

II. FACTUAL BACKGROUND............................................................ 2

III. LEGAL STANDARD .................................................................... 3

IV. GOOD CAUSE EXISTS FOR EXPEDITED DISCOVERY ....................... 4

    A.   Factor (1): Whether a Request for Preliminary Injunction Is Pending ............................................................................... 4

    B.   Factor (2): The Breadth of the Discovery Requests............................ 5

    C.   Factor (3): The Purpose for Requesting the Expedited Discovery ..... 7

    D.   Factor (4): The Burden on the Defendants to Comply with the Requests............................................................................ 9

    E.   Factor (5): How Far in Advance of the Typical Discovery Process the Request Is Made ............................................... 10

V. A PRESERVATION ORDER IS APPROPRIATE HERE......................... 10

    A.   Factor (1): Level of Concern for the Continuing Existence and Maintenance of the Integrity of the Evidence in Question ............... 11

    B.   Factor (2): Any Irreparable Harm Likely to Result Absent an Order Directing Preservation................................................ 11

    C.   Factor (3): The Capability of Autel to Maintain the Evidence Sought to Be Preserved ................................................... 12

VI. CONCLUSION............................................................................ 12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acushnet Co. v. Yoo*,
  2013 WL 12100800 (S.D. Cal. Nov. 1, 2013) ..................................................... 12

*Alexis v. Rogers*,
  2017 WL 1073404 (S.D. Cal. Mar. 21, 2017).......................................................... 6

*Apple Inc. v. Samsung Elecs. Co.*,
  2011 WL 19838154 (N.D. Cal. May 18, 2011) ................................................. 4, 9

*Balboa Threadworks, Inc. v. Stucky*,
  2006 WL 763668 (D. Kan. Mar. 24, 2006) ........................................................... 7

*Bright Sols. for Dyslexia, Inc. v. Doe 1*,
  2015 WL 5159125 (N.D. Cal. Sept. 2, 2015)........................................... 10, 11, 12

*Hardie v. NCAA*,
  2013 WL 1399333 (S.D. Cal. Apr. 5, 2013) ...................................................... 4, 6

*Light Salt Invs., LP v. Fisher*,
  2013 WL 3205918 (S.D. Cal. June 24, 2013) ..................................................... 4, 7

*MedImpact HealthCare Sys. v. IQVIA Holdings, Inc.*,
  2019 WL 6310554 (S.D. Cal. Nov. 25, 2019) .................................................... 9, 10

*Nobelbiz, Inc. v. Wesson*,
  2014 WL 1588715 (S.D. Cal. Apr. 18, 2014) ....................................................... 5

*Palermo v. Underground Solutions, Inc.*,
  2012 WL 2106228 (S.D. Cal. June 11, 2012) ....................................................... 7

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
  208 F.R.D. 273 (N.D. Cal. 2002) ........................................................................ 6

*Starbuzz Tobacco, Inc. v. Namou*,
  2013 WL 3353851 (S.D. Cal. July 2, 2013)......................................................... 11

*Synopsys, Inc. v. AzurEngine Techs., Inc.*,
  401 F. Supp. 3d 1068 (S.D. Cal. 2019) ................................................. 3, 8, 9, 10

*Synopsys, Inc. v. InnoGrit, Corp.*,
  2019 WL 1779978 (N.D. Cal. Apr. 23, 2019) ........................................ 7

*Synopsys, Inc. v. Library Technologies, Inc.*,
  No. 3:20-cv-07014-CRB (N.D. Cal. Oct. 21, 2020), ECF No. 35 ........................ 6

*Wedge Water LLC v. Ocean Spray Cranberries, Inc.*,
  2021 WL 2138519 (S.D. Cal. May 26, 2021) ........................................ 4

*Wi-LAN, Inc. v. Lenovo (United States), Inc.*,
  2017 WL 3194692 (S.D. Cal. July 27, 2017) ........................................ 4

**Other**

Fed. R. Civ. P. 26 ........................................................................ 3

Fed. R. Civ. P. 26, Ad. Comm. Notes ............................................... 3, 6

sf- 4523181

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3          This case concerns Defendants' large-scale theft of Snap-on and Mitchell 1's

4    proprietary automotive diagnostic and repair information.  Plaintiffs have

5    concurrently filed a motion for a temporary restraining order and for preliminary

6    injunctive relief to put a stop to this data theft and to prevent Autel US, and anyone

7    acting in concert with it, from making further use of that information.  Plaintiffs

8    bring this motion seeking expedited discovery of information that is uniquely in the

9    possession of Autel US to support their motion for preliminary injunction.

10         Autel US and Autel ITC (collectively "Autel") have perpetrated millions of

11   intrusions of Plaintiffs' systems seeking Plaintiffs' proprietary data, circumventing

12   Plaintiffs' security measures by spoofing the user credentials of hundreds of

13   Plaintiffs' handheld diagnostic computers.  This conduct dates back to at least

14   November 2020, but Plaintiffs were only recently able to associate it with Autel.

15   Plaintiffs already have records showing that Autel engaged in theft on a massive

16   scale, but those records represent only a fraction of the wrongdoing that actually

17   occurred.  Plaintiffs have additional documents that establish Autel engaged in

18   further large-scale attacks in November and December 2020, but do not have the

19   detailed web server logs from that time period to show the full extent of the

20   information that Autel took.  Only Autel possesses that evidence.  Moreover,

21   Plaintiffs are only privy to one side of the evidence.  Autel alone possesses

22   information on the precise attacks that were deployed and how Plaintiffs'

23   proprietary data was accessed and used once it was taken.

24         Because this case concerns the remote, electronic theft of Plaintiffs'

25   proprietary information, forensic images are particularly important to proving

26   Plaintiffs' case.  Plaintiffs are seeking narrowly-tailored forensic imaging of only

27   Plaintiffs' handheld diagnostic devices in Autel's possession, and any other devices

28   that were used to access and download Plaintiffs' data by circumventing Plaintiffs'

access controls and impersonating Plaintiffs' handheld devices.  The forensic data from these devices will provide critical evidence of misconduct.  Plaintiffs also seek a preservation order given the importance of maintaining critical evidence in Autel US's control, and because the egregious and prolonged nature of Defendants' wrongdoing provides strong reason for concern that Defendants will not otherwise comply with their preservation obligations.

## II.    FACTUAL BACKGROUND

The factual background for this Motion is set forth in the accompanying Motion for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction and its supporting declarations, which are incorporated by reference herein.

In connection with that motion and anticipated future briefing on that motion, Plaintiffs seek expedited discovery in the form of limited requests for production, interrogatories, corporate deposition topics, and forensic images that elicit the following categories of information:

- Information concerning the devices of Autel US and Autel ITC that were involved in improperly accessing data from Plaintiffs' ProDemand and TruckSeries products (Requests for Production ("RFPs") 1, 6);

- Evidence showing any viewing, access, downloading, printing, copying, or use of Plaintiffs' information (RFPs 4-5, 7-20; Interrogatories ("ROGs") 1-10; Deposition Topics ("Topics") 1-10);

- Evidence of deletions of Plaintiffs' information from Autel's devices (RFPs 2-3).

- Forensic images of *Plaintiffs'* handheld devices, including ZEUS devices, which are in the possession of Autel US, but which Autel US has never purchased from, or registered with, Plaintiffs (*see* Proposed Order § III); and

- Forensic images of devices Autel US used to circumvent Plaintiffs' access

MOT. FOR EXP. DISCOV. AND PRESERVATION
Case No. 3:21-cv-01339-CAB-BGS

sf- 4523181

1  controls and impersonate Plaintiffs' handheld devices to obtain access to
2  and download Plaintiffs' proprietary information (*see* Proposed Order §
3  III).

4  (Kim Decl. Exs. 2-4; Proposed Order.)

5      Plaintiffs' proposed discovery requests are attached as Exhibits 2-4 to the
6  Declaration of Janet S. Kim, filed concurrently herewith, and Plaintiffs' request for
7  forensic imaging of certain Autel US devices is set forth in the proposed order
8  granting this motion.

9      Given the pending motion for injunctive relief, Plaintiffs' also request that
10  the Court shorten the time for Autel US to respond to these requests to 14 days
11  from the date of its Order.

12      Plaintiffs additionally request a preservation order that directs Autel US and
13  those acting in concert with it to preserve evidence relevant to this case.  This will
14  prevent critical data and metadata from being lost, deleted, or overwritten as the
15  case proceeds.

16  **III.   LEGAL STANDARD**

17      Federal Rule of Civil Procedure 26(d) provides courts with discretion to
18  authorize discovery before the parties' Rule 26(f) conference.  Fed. R. Civ. P. 26.
19  The advisory committee notes to this rule explain that such discovery is
20  "appropriate in some cases, such as those involving requests for a preliminary
21  injunction."  Fed. R. Civ. P. 26, Ad. Comm. Notes.  To determine when expedited
22  discovery is appropriate, courts in this Circuit apply a "'good cause' standard."
23  *See, e.g.*, *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1076
24  (S.D. Cal. 2019) (quoting *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp.
25  2d 1086, 1099 (N.D. Cal. 2012)).  "Good cause may be found where the need for
26  expedited discovery, in consideration of the administration of justice, outweighs the
27  prejudice to the responding party.'"  *Id.* (quoting *Semitool, Inc. v. Tokyo Electron*
28  *Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

To determine whether good cause justifies expedited discovery, courts in this Circuit consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery re quests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Light Salt Invs., LP v. Fisher*, 2013 WL 3205918, at *1 (S.D. Cal. June 24, 2013); *see also e.g.*, *Wi-LAN, Inc. v. Lenovo (United States), Inc.*, 2017 WL 3194692, at *1-3 (S.D. Cal. July 27, 2017) (applying these factors and awarding expedited discovery); *Apple Inc. v. Samsung Elecs. Co.*, 2011 WL 19838154, at *1-4 (N.D. Cal. May 18, 2011) (same). "Many courts have found good cause to expedite discovery where the plaintiff seeks a preliminary injunction in cases involving claims of infringement or unfair competition." *Wedge Water LLC v. Ocean Spray Cranberries, Inc.*, 2021 WL 2138519, at *2 (S.D. Cal. May 26, 2021) (citing *Semitool*, 208 F.R.D. at 276).

## IV.   GOOD CAUSE EXISTS FOR EXPEDITED DISCOVERY

### A.   Factor (1): Whether a Request for Preliminary Injunction Is Pending

Plaintiffs currently have a pending request for a preliminary injunction, so this factor weighs in favor of granting the motion. *See Hardie v. NCAA*, 2013 WL 1399333, *2 (S.D. Cal. Apr. 5, 2013) (presenting pendency of preliminary injunction motion as sole rationale for factor one "weigh[ing] in favor of Plaintiff's request to conduct expedited discovery"); *see also* Advisory Committee Notes to Fed. R. Civ. P. 26(d) (early discovery is "appropriate in some cases, such as those involving requests for a preliminary injunction").

Plaintiffs' requests are narrowly tailored to the issues in the preliminary injunction motion. While Plaintiffs believe they have sufficient information to warrant injunctive relief, they necessarily have just a portion of the overall evidence in the form of the suspicious server traffic that they managed to catch. Plaintiffs

only recently determined that Autel was responsible for attacks that took place at least as early as November 11, 2020. Plaintiffs have records that these attacks took place, but no longer possess all of the documents relating to them to show the full scope of the data that was taken. They require discovery to complete the picture. (Lewis Decl.[1] ¶¶ 94-102, Exs. 9-11; Roffman Decl.[2] ¶¶ 17, 27, 30-65.) In addition, Autel's attacks were continually redesigned to circumvent Plaintiffs' security measures, and Autel's misconduct could well be even more pervasive and serious than Plaintiffs are aware. (Lewis Decl. ¶¶ 103-105.) Only Autel is in possession of the documents that will show the full extent of their data theft, and only Autel is in possession of the documents that will show the full extent to which Plaintiffs' proprietary information has been used or disclosed.

## B. Factor (2): The Breadth of the Discovery Requests

Plaintiffs' requests "are appropriately restrained in breadth and scope" and thus factor two weighs in favor of early discovery. *Nobelbiz, Inc. v. Wesson*, 2014 WL 1588715, at *2 (S.D. Cal. Apr. 18, 2014).

Plaintiffs' discovery requests are focused on information that is central to its request for injunctive relief. Plaintiffs' request for injunctive relief seeks to end Autel's data theft, and their limited discovery requests are targeted to the attack vectors and avenues used, and the uses that Defendants have made of the proprietary information that was taken. Plaintiffs seek discovery concerning issues connected to Autel's viewing, accessing, downloading, copying, and use of Plaintiffs' information. This is information that goes to the heart of Plaintiffs' preliminary injunction request. Plaintiffs' requests are thus "narrowly tailored to

---

[1] Declaration of Bradley Lewis in Support of Plaintiffs' Ex Parte Motion for (1) Temporary Restraining Order and (2) Order to Show Cause regarding Preliminary Injunction.

[2] Declaration of Daniel Roffman in Support of Plaintiffs' Ex Parte Motion for (1) Temporary Restraining Order and (2) Order to Show Cause regarding Preliminary Injunction.

the issues in [this] motion for preliminary injunction." *Hardie*, 2013 WL 1399333, at \*2 (using these facts to find factor supporting expedited discovery).  Plaintiffs' requests target only information necessary to fully and efficiently "assist the court in resolving the motion for preliminary injunction," *id.*, and are thus directly in pursuit of "the administration of justice," *see Semitool*, 208 F.R.D. at 276.

Plaintiffs also request a limited forensic inspection, which is critical because the forensic evidence of the electronic attacks that were made on Plaintiffs' systems and the trail that they left will be some of the most important evidence in this case. *See Alexis v. Rogers*, 2017 WL 1073404, at \*4 (S.D. Cal. Mar. 21, 2017) ("A compelled forensic examination may be allowed where data is likely to be destroyed or where 'computers have a special connection to the lawsuit.'").

Plaintiffs are seeking forensic images of a narrowly-tailored set of devices, specifically the ones that were used to perpetrate Autel's massive theft of data relating to Snap-on's handheld diagnostic devices.  First, Plaintiffs seek forensic images *of their own handheld diagnostic devices* that are in the possession of Autel US.  Autel has never purchased from, or registered with, Plaintiffs a ZEUS device or any other hand-held diagnostic devices offered by Plaintiffs, and has never paid a monthly subscription fee.  (Lewis Decl. ¶ 22.)  Any such devices were almost certainly used as part of Autel's scheme to steal Plaintiffs' data.  Second, Plaintiffs seek forensic images of any other devices that Autel used to bypass Plaintiffs' access controls by spoofing Plaintiffs' handheld devices to programmatically access Plaintiffs' systems and download Plaintiffs' proprietary information.  (*See* Roffman Decl. ¶¶ 30-65.)

Courts have ordered forensic imaging of defendants' devices in cases similar to this one where the targeted electronic devices were used to circumvent security measures and obtain proprietary information, such as source code.  *See, e.g.*, *Synopsys, Inc. v. Library Technologies, Inc.*, No. 3:20-cv-07014-CRB (N.D. Cal. Oct. 21, 2020), ECF No. 35 (granting expedited forensic discovery of defendant's

devices, computers, and servers); *Synopsys, Inc. v. InnoGrit, Corp.*, 2019 WL 1779978, at *4 (N.D. Cal. Apr. 23, 2019) (granting expedited discovery of forensic imaging).  Because the targeted Autel devices here were the ones used to perpetrate its circumvention, they are particularly relevant for forensic examination.  *See Balboa Threadworks, Inc. v. Stucky*, 2006 WL 763668, at *4 (D. Kan. Mar. 24, 2006) (ordering mirror imaging and noting "because the alleged infringement in this case is claimed to have occurred through the use of computers to download copyrighted material, the importance and relevance of computer evidence is particularly important").

Plaintiffs have prepared a set of proposed requests for production of documents that assume that forensic images will be made available directly to Plaintiffs' independent expert.  (*See* Kim Decl. Ex. 4; Proposed Order.)  In the event that the Court does not allow the forensic images to be made available directly to Plaintiffs' expert, Plaintiffs have prepared a broader set of requests for production of documents, that include additional requests aimed at obtaining information pertaining to the forensic imaging of the devices and the information obtained by that imaging.  (*See* Ex. 5.)

## C.     Factor (3): The Purpose for Requesting the Expedited Discovery

The third factor supports granting expedited discovery as well.  As discussed with respect to factor two, Plaintiffs are requesting expedited discovery of the information that goes to the core of their preliminary injunction motion.  *See Light Salt*, 2013 WL 3205918, at *14 (allowing early discovery because information sought was "crucial" to plaintiff's motion for preliminary injunction); *Palermo v. Underground Solutions, Inc.*, 2012 WL 2106228, *4-5 (S.D. Cal. June 11, 2012) ("In cases where preliminary injunction motions are pending, courts often permit expedited discovery designed to obtain information required for the preliminary injunction").

This evidence is uniquely held by Autel and the only way to gather it is via discovery.  Plaintiffs have uncovered massive evidence of Autel's intrusion attacks toward Plaintiffs' systems, but their investigation is limited by the inability to access what lies beyond its own systems and the data that it still possesses.  For example, Plaintiffs' forensic expert, Daniel Roffman, has analyzed evidence of over 5 million requests that Autel US and Autel ITC made by spoofing Snap-on's handheld diagnostic devices.  (Roffman Decl. ¶¶ 18, 34.)  But there is evidence of at least 5.6 million additional requests that were made between November 11-13, 2020, and multiple additional large-scale attacks in early to mid-December for which Plaintiffs no longer have web server logs.  (Lewis Decl. ¶¶ 94-102, Exs. 9-11; Roffman Decl. ¶¶ 17, 27, 30-65.)  Autel is the only one that can shed light on the full extent of the data it took, and how that data was used by Autel once it was obtained.  Plaintiffs' discovery requests seek information that is only available on Defendants' computers and can be readily obtained by a forensic expert.  *Synopsys*, 401 F. Supp. 3d. at 1076 (finding fact that information was resident "only" on defendant's computers and that an expert who can image devices could easily gather that information supported permitting expedited discovery).

Further, expedited discovery will assist Plaintiffs in preventing further attempts by Defendants to steal their proprietary information.  Defendants' conduct began by no later than November 2020 and was continuing until right before this motion was filed.  (*See* Roffman Decl. ¶¶ 26.f, 30-34, 65.)  But Autel's conduct has morphed in response to Defendants' countermeasures, for example by switching to new IP addresses once other IP addresses were blocked.  (*See* Roffman Decl. ¶ 17; Lewis Decl. ¶ 96, Ex. 11.)  Despite Plaintiffs' best efforts to stop them, they may not know all of the ways in which Defendants have been attacking their system. They require immediate, expedited discovery into the full extent of Defendants' wrongdoing to ensure that they have stopped the intrusions.

In addition, the purpose behind Plaintiffs' requests is to support their request

MOT. FOR EXP. DISCOV. AND PRESERVATION
Case No. 3:21-cv-01339-CAB-BGS

sf- 4523181

for a preliminary injunction and ultimately prevent irreparable harm to Plaintiffs from the future disclosure and use of its propriety information by a direct competitor.  Without injunctive relief and the limited discovery to bolster the entry of a preliminary injunction, Plaintiffs will be harmed by the risk of its pirated information being used by its competitor, as well as the dilution of its value if it is made available outside of Plaintiffs' licenses.  Courts have found this factor to weigh in favor of expedited discovery when such discovery was sought to prevent future harm caused by infringement of intellectual property.  *See MedImpact HealthCare Sys. v. IQVIA Holdings, Inc.*, 2019 WL 6310554, *4 (S.D. Cal. Nov. 25, 2019) (finding factor three to support expedited discovery where discovery would determine whether defendants engaged in misappropriation due to risk of future harm from disclosure of allegedly misappropriated trade secrets); *Apple*, 2011 WL 1938154, at *2 (finding good cause for expedited discovery in part because purpose was "to prevent alleged infringement of its intellectual property and to forestall allegedly irreparable harm").

### D.    Factor (4): The Burden on the Defendants to Comply with the Requests

Factor four also weighs in favor of granting expedited discovery.  All litigation discovery involves some degree of burden, but the focused nature of Plaintiffs' requests make the burden in responding reasonable under the circumstances.  The information Plaintiffs seek is information that Autel US "would be required to provide [] in the normal course of discovery regardless." *Synopsys*, 401 F. Supp. 3d. at 1077.  This supports a finding of no undue burden to Defendants.  *Id.* (finding factor four cut in favor of permitting expedited discovery for same reasons).  And, to the extent responding to Plaintiffs' requests may include information stored internationally, this fact alone does not establish an unreasonable burden on Defendants, as "current technology is sufficient to respond to" these types of requests.  *MedImpact*, 2019 WL6310554, at *4 (finding factor four weighs

in favor of expedited discovery despite documents potentially residing in foreign country).

### E.      Factor (5): How Far in Advance of the Typical Discovery Process the Request Is Made

Finally, factor five supports allowing expedited discovery, or is at the very least neutral.  Because Plaintiffs' request is brought in connection with a request for injunctive relief filed at the outset of the case, this factor does not apply with force. For example, courts have found this factor cuts against granting expedited discovery if a preliminary injunction has already been entered.  *See Synopsys*, 401 F. Supp. 3d. at 1076 (finding factor cut against expedited discovery because, due to the injunction that had already issued, defendant had "every incentive to cooperate and move quickly through discovery so that it [could] then move to dissolve the injunction").  That is not the case here, where Plaintiffs' request is made in connection with their request for early, interim relief.

## V.      A PRESERVATION ORDER IS APPROPRIATE HERE

In determining whether a preservation order is necessary to reinforce a party's pre-existing duty to preserve evidence, courts have considered:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence;
>
> (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and
>
> (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.

*Bright Sols. for Dyslexia, Inc. v. Doe 1*, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) (granting request for preservation order).  All three factors weigh in favor of issuing a preservation order here.

### A. Factor (1): Level of Concern for the Continuing Existence and Maintenance of the Integrity of the Evidence in Question

The first factor supports issuing a preservation order. The nature and scope of Autel's data theft provides strong reason to be concerned about Autel's preservation of evidence. Specifically, Autel has circumvented Plaintiffs' data security measures, anonymously and repeatedly attacking Plaintiffs' data servers over a period of many months through over 300 IP addresses, while misrepresenting these requests as coming from over 400 different devices. (*See* Roffman Decl. ¶¶ 26, 30-65.) This extensive and extreme bad faith conduct raises legitimate concerns as to whether Autel will meet its duty to preserve evidence absent an order of the Court.

### B. Factor (2): Any Irreparable Harm Likely to Result Absent an Order Directing Preservation

Plaintiffs will be irreparably harmed if Autel is not directed to preserve evidence. Significant information and data reflecting Autel's intrusions of Plaintiffs' systems exists solely in Autel's possession, custody, or control. That evidence is crucial to this case. If not adequately preserved, Autel's electronically-stored information will be overwritten—either inadvertently or intentionally—and Plaintiffs will forever lose evidence of Autel's activity, which is central to Plaintiffs' claims. *See Bright Sols. for Dyslexia*, 2015 WL 5159125, at *3 (finding second factor favored preservation order where "information about the sale of the copyrighted and trademarked material is likely necessary evidence of infringement, which will be crucial once Defendants have been served and the case proceeds on the merits").

Moreover, Plaintiffs concurrently seek injunctive relief to put an end to Autel's data intrusions, and courts frequently grant preservation orders in tandem with orders to show cause why a preliminary injunction should not issue. *See, e.g.*, *Starbuzz Tobacco, Inc. v. Namou*, 2013 WL 3353851, at *6 (S.D. Cal. July 2,

2013); *Acushnet Co. v. Yoo*, 2013 WL 12100800, at *5 (S.D. Cal. Nov. 1, 2013).

### C.   Factor (3): The Capability of Autel to Maintain the Evidence Sought to Be Preserved

Autel has demonstrated a high degree of technical savvy by way of its ability to circumvent Plaintiffs' security systems, hide its identity by using hundreds of IP addresses, and maneuver around Plaintiffs' countermeasures to prevent data intrusions.  It is no doubt capable of preserving evidence relevant to this matter and would not be required to do anything beyond complying with its already existing preservation obligations now that a suit has been brought against it.  *Bright Sols. for Dyslexia*, 2015 WL 5159125, at *2 ("Once a complaint is filed, parties to a lawsuit are 'under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence.'").  This factor supports a preservation order as well.

## VI.   CONCLUSION

This expedited discovery motion seeks the discovery and preservation of evidence that is critical to Plaintiffs' pending motion for preliminary injunctive relief.  For the foregoing reasons, Plaintiffs request that the Court grant its request for expedited discovery and for a preservation order as set forth in the concurrently-filed proposed order.

Dated: July 28, 2021                    Respectfully submitted,

                                        MORRISON & FOERSTER LLP


                                        By: */s/ Kenneth A. Kuwayti*
                                             KENNETH A. KUWAYTI
                                             KKuwayti@mofo.com

                                             Attorneys for Plaintiffs
                                             MITCHELL REPAIR INFORMATION
                                             COMPANY, LLC and SNAP-ON
                                             INCORPORATED

*Synopsys, Inc. v. Library Techs., Inc.*,
Case No. 3:20-cv-07014-CRB (N.D. Cal. Oct. 21, 2020),
ECF No. 35

UNREPORTED CASE ATTACHED PURSUANT TO
CHAMBERS' RULE II.D

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | Case No. 3:20-cv-07014-CRB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF SYNOPSYS, INC.'S MOTION FOR (1) PRELIMINARY INJUNCTION; (2) EXPEDITED DISCOVERY; AND (3) ENTRY OF N.D. CAL. MODEL PROTECTIVE ORDER** |
| v. | |
| LIBRARY TECHNOLOGIES, INC., a California corporation, and DOES 1-10, inclusive, | |
| Defendants. | |

The Court, having considered Plaintiff Synopsys, Inc.'s ("Synopsys") notice of motion and motion for entry of a temporary restraining order and order to show cause as to why a preliminary injunction should not be entered, for an order granting expedited discovery, and for entry of a protective order (the "Motion"), the opposition thereto and having heard the oral argument of counsel and having found good cause to do so, hereby orders as follows:

1.  Synopsys' Motion is **GRANTED.** The parties by and through their counsel of record, have consented to entry of a Preliminary Injunction Order via stipulation, with the proviso that by entering into this stipulation Library Technologies makes no admission concerning the allegations in Synopsys' Complaint or TRO, is not waiving any defenses, and reserves all rights;

2.  The Court further finds that there is good cause to allow expedited forensic discovery of Library Technologies' devices and the computers/servers with any of the following hostnames and/or MAC addresses:

| Hostname | MAC addresses |
|---|---|
| maya | 14:DD:A9:EE:8A:87 |
| acar | 70:85:C2:DC:98:7F |
| amca | 0C:9D:92:C9:3A:BE; 52:54:00:DB:61:EB; 52:54:00:27:D3:66 |
| chrx1 | E8:4E:06:7D:D1:56; D0:37:45:0E:4B:52 |
| chrx2 | E8:2A:EA:CA:B3:0E; 00:E0:4C:53:44:58 |
| cura | 70:85:C2:D7:75:5F; 52:54:00:AC:92:6C |
| hpm1 | 8C:DC:D4:42:0D:A2; 52:54:00:2B:63:F8 |
| kama | D0:37:45:0E:4C:29; 52:54:00:B5:33:34 |
| marti | 08:71:90:50:33:90 |
| seki | 70:85:C2:54:00:F4; 52:54:00:DC:74:C2 |
| teke | 70:85:C2:59:E1:C8; 52:54:00:F7:A8:69 |
| turna | 70:85:C2:D3:C4:E2; 52:54:00:A5:56:C3 |
| vizi | E8:4E:06:7D:D1:56; 52:54:00:4C:3B:E6; C8:D7:19:66:39:A6 |
| zap | 50:3E:AA:02:AC:33; 00:23:54:45:2C:CB |

3.  The Court finds that there is good cause for the entry of a protective order. The Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets is hereby entered in this matter.

**THEREFORE**, and with good cause shown,

**IT IS HEREBY ORDERED** that defendant Library Technologies, Inc., its representatives, officers, agents, directors, affiliates, servants, employees, and all persons acting in concert or participation with it, including employees and independent contractors, are enjoined

1    from directly or indirectly accessing, using, transferring, or copying, in any way, any Synopsys

2    software without authorization from Synopsys.

3         **IT IS FURTHER ORDERED** that defendant Library Technologies, its representatives,

4    officers, agents, directors, affiliates, servants, employees, and all persons acting in concert or

5    participation with it, including employees and independent contractors, shall immediately

6    preserve all evidence that may relate to this matter, including all hard copy materials and all

7    computer hard drives and other electronic devices in their possession, custody, or control.

8         **IT IS FURTHER ORDERED** that defendant Library Technologies shall immediately

9    provide a copy of this Order to any and all corporations, subsidiaries, affiliates, divisions,

10    directors, officers, agents, partners, successors, assigns, employees, consultants, attorneys, agents,

11    representatives, sales entities, sales persons, independent contractors in active concert or

12    participation with them related to the claims asserted in this action regarding the access, use or

13    storage of any Synopsys products without a valid license from Synopsys;

14         **IT IS FURTHER ORDERED** that the devices used by the individuals associated with

15    the identified devices used to directly or indirectly access any Synopsys software or products and

16    in Library Technologies' possession, custody, or control, shall be provided to third-party

17    consultant for imaging and analysis.  Library Technologies shall make available said devices for

18    imaging by FTI, which imaging shall be completed within three (3) business days of the date of

19    this order, by close of business on Monday, October 26, 2020. FTI shall image all devices and

20    provide a copy of each to parties' counsel within three (3) business days of the completion of the

21    imaging process.

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1       **IT IS FURTHER ORDERED** that counsel shall meet and confer and reach an agreed

2   upon forensic protocol which shall govern FTI's examination of the devices herein. FTI's

3   forensic examination of said devices shall commence within fifteen (15) business days of the date

4   of this order.

5

6   **IT IS SO ORDERED.**

7

8   DATED:  <u>October 21, 2020</u>

                                                  _____

9                                           HONORABLE CHARLES R. BREYER

                                         UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28