# EXHIBIT 3

EXHIBIT 3
118

1  KENNETH A. KUWAYTI (CA SBN 145384)
   KKuwayti@mofo.com
2  BERKELEY G. FIFE (CA SBN 325293)
   BFife@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
5
   JOHN R. LANHAM (CA SBN 289382)
6  JLanham@mofo.com
   JANET S. KIM (CA SBN 313815)
7  JKim@mofo.com
   MORRISON & FOERSTER LLP
8  12531 High Bluff Drive
   San Diego, California  92130-2040
9  Telephone: 858.720.5100

10 Attorneys for Plaintiffs
   MITCHELL REPAIR INFORMATION
11 COMPANY, LLC and SNAP-ON INCORPORATED

12
                **UNITED STATES DISTRICT COURT**
13
                **SOUTHERN DISTRICT OF CALIFORNIA**
14

15 | MITCHELL REPAIR | Case No. 3:21-cv-01339-CAB-BGS |
16 | INFORMATION COMPANY, LLC, a Delaware limited liability company, and SNAP-ON INCORPORATED, a Delaware corporation, | |
17 | | **PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANT AUTEL. US INC. PURSUANT TO FED. R. CIV. PROC. 30(B)(6)** |
18 | Plaintiffs, | |
19 | v. | |
20 | AUTEL. US INC., a New York corporation, and AUTEL INTELLIGENT TECHNOLOGY CORP., LTD., a Chinese corporation, | Courtroom:  15A  Judge: Hon. Cathy Ann Bencivengo  Date Action Filed: July 27, 2021 |
21 | | |
22 | | |
23 | Defendants. | |

                                            1     PLAINTIFFS' 30(B)(6) DEPO NOT TO AUTEL. US INC.
                                                  CASE NO. 3:21-CV-01339-CAB-BGS
   sf- 4532811

EXHIBIT 3
119

1  Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, and as
2  authorized by the Court, Plaintiffs Mitchell Repair Information Company, LLC
3  ("Mitchell 1") and Snap-on Incorporated ("Snap-on") (collectively, "Plaintiffs")
4  will take the deposition of Defendant Autel. US Inc. ("Autel US").  The deposition
5  will commence at a mutually agreeable date and time to be set by the parties.  Due
6  to potential restrictions caused by the COVID-19 pandemic, this deposition may be
7  coordinated by remote means.  If taken by remote means, the deponent may be
8  located at any residential or business address with an appropriate internet
9  connection.  The deposition will be taken by a notary public or other authorized
10 officer and will continue from day to day until concluded, or may be continued until
11 completed at a future date or dates.  PLEASE TAKE FURTHER NOTICE that,
12 pursuant to Federal Rule of Civil Procedure 30(b)(3), the deposition will be
13 videotaped and recorded stenographically, and may be transcribed using real time
14 interactive transcription such as LiveNote.

**INSTRUCTIONS**

16  1.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,
17 Autel US shall designate one or more of its officers, directors, partners, managing
18 agents, or other persons who consent to testify on Autel US's behalf and who are
19 the most knowledgeable with respect to the deposition topics set forth below.
20  2.  At least seven days in advance of the date of deposition, Autel US is
21 directed to provide to counsel for Plaintiffs a written designation of the name(s),
22 position(s), and job description(s) of the person(s) designated to testify on each of
23 the following topics.

**DEFINITIONS**

25  The following words, terms, or phrases shall, for purposes of the Topics,
26 have the meanings specified, unless otherwise expressly stated in the Topics:
27  1.  "Autel US," "You," and/or "Your" means Autel. US Inc., including
28 without limitation, its predecessors, successors, present and former officers,

directors, employees, representatives, agents, all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

2. "Autel ITC" means Autel Intelligent Technology Corp., Ltd., including without limitation, its predecessors, successors, present and former officers, directors, employees, representatives, agents, and all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3. "Autel Device(s)" means all computers, servers, handheld computers (including without limitation, ZEUS), tablet devices, and removable storage media (including without limitation, portable hard drives, flash drives, thumb drives, iPods, iPhones, cell phones, and/or recordable disks) in the possession, custody, or control of Autel US or Autel ITC. Any and all backups of the aforementioned devices are also included in the meaning of this term.

4. "Plaintiffs' Systems" means all handheld diagnostic devices (including without limitation, ZEUS), TruckSeries, ProDemand, or any of Plaintiffs' other vehicle diagnostic and repair products websites, and the computers, data servers, or data services software associated with the use of the foregoing products.

**TOPICS**

**TOPIC NO. 1:**

All instances in which Autel US or Autel ITC viewed, accessed, downloaded, copied, printed, or used any data from Plaintiffs' Systems.

**TOPIC NO. 2:**

All ways in which Autel US or Autel ITC have communicated with Plaintiffs' Systems, including without limitation, whether Autel US or Autel ITC have communicated with Plaintiffs' Systems using virtual machines, emulators, scripts, bots, or software other than the software provided by Plaintiffs.

**TOPIC NO. 3:**

All IP addresses used by Autel US and Autel ITC to communicate with Plaintiffs' Systems.

**TOPIC NO. 4:**

All instances in which Autel US and Autel ITC downloaded, uploaded, copied, decoded, reverse engineered, or sought to emulate any portion of any software, firmware, .DLL, token, code, or other electronic file associated with Plaintiffs' Systems.

**TOPIC NO. 5:**

Whether any data originating from Plaintiffs' Systems currently or has ever resided on any Autel Device.

**TOPIC NO. 6:**

Whether Autel Us or Autel ITC are currently or have in the past been in possession of any Snap-on handheld diagnostic device and, for each such device, the identity of: (i) the device serial number; (ii) from where the device was purchased or otherwise obtained; (iii) if the software on the device was updated, and the dates and manner of any such updates; and (iv) if the device has been used to access Plaintiffs' Systems since it was in the possession of Autel US or Autel ITC.

**TOPIC NO. 7:**

Whether any data originating from Plaintiffs' Systems have ever been used to add or revise content that appears, or may appear in the future, in any Autel US or Autel ITC product.

**TOPIC NO. 8:**

All instances in which Autel US or Autel ITC have viewed an End User License Agreement related to Plaintiffs' Systems, including without limitation, whether the agreement was signed, clicked through, or otherwise accepted.

**TOPIC NO. 9:**

    The nature of Autel US's or Autel ITC's relationship with Tom Machine and Equipment Repair ("Tom Machine"), including without limitation, whether Autel US or Autel ITC has an ownership interest in Tom Machine, whether the companies share common employees or consultants, and how Autel US and Autel ITC obtained Tom Machine's credentials to Mitchell 1's TruckSeries product.

**TOPIC NO. 10:**

    The methods by which Autel US or Autel ITC bypassed, successfully passed, or obtained credentials relating to, the security systems and technological measures intended to limit access to Plaintiffs' Systems, and the circumstances relating to how and when those methods were employed.

Dated: _____, 2021

MORRISON & FOERSTER LLP

By: _____
Kenneth A. Kuwayti

Attorneys for Plaintiffs
MITCHELL REPAIR INFORMATION COMPANY, LLC and SNAP-ON INCORPORATED