KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
BERKELEY G. FIFE (CA SBN 325293)
BFife@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600

JOHN R. LANHAM (CA SBN 289382)
JLanham@mofo.com
JANET S. KIM (CA SBN 313815)
JKim@mofo.com
MORRISON & FOERSTER LLP'
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100

Attorneys for Plaintiffs
MITCHELL REPAIR INFORMATION
COMPANY, LLC and SNAP-ON
INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL REPAIR INFORMATION COMPANY, LLC, a Delaware limited liability company, and SNAP-ON INCORPORATED, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUTEL. US INC., a New York corporation, and AUTEL INTELLIGENT TECHNOLOGY CORP., LTD., a Chinese corporation,<br><br>Defendants. | Case No. 3:21-cv-01339-CAB-BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'** ***EX PARTE*** **MOTION FOR ENTRY OF INTERIM PROTECTIVE ORDER**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Courtroom: 15A<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>**Jury Trial Demanded** |

## I. INTRODUCTION

Plaintiffs Mitchell Repair Information Company, LLC ("Mitchell 1") and Snap-on Incorporated ("Snap-on") (collectively, "Plaintiffs") seek a temporary restraining order and preliminary injunction against Defendants Autel. US Inc. ("Autel US") and its Chinese parent company Autel Intelligent Technology Corp., Ltd. ("Autel ITC") (collectively, "Autel" or "Defendants"), to stop Defendants' illicit access to, and theft of, Plaintiffs' highly proprietary vehicle diagnostic and repair information. Plaintiffs also seek expedited discovery into Autel's theft of their proprietary information.

To protect the parties' confidential business information during these expedited proceedings, Plaintiffs request that the Court enter this District's model protective order on an interim basis.

## II. STATEMENT OF FACTS

This case arises out of Autel's audacious and protracted theft of Plaintiffs' proprietary vehicle diagnostic and repair information. Plaintiffs have filed a complaint against Autel for its violations of various federal and state laws stemming from this misconduct. Plaintiffs are filing herewith a motion for preliminary relief, directed to preventing Autel from causing further irreparable injury. This motion and accompanying materials contain highly confidential and competitively sensitive business information relating to, *inter alia*, IT security and anti-piracy measures employed by Plaintiffs and the creation of Plaintiffs' proprietary databases and the proprietary data therein. Plaintiffs have also filed a motion for expedited discovery and expect that, if that motion is granted, early discovery in this case will involve the exchange of confidential and highly confidential information.

Counsel for Defendants has not yet appeared, and Plaintiffs are unaware of which attorneys will ultimately represent Defendants. Once Defendants identify counsel, Plaintiffs will confer with them regarding the provisions for a permanent

protective order in this matter.  Until that time, Plaintiffs request that the Court enter this District's model protective order, with minor, non-substantive edits to reflect that it is being entered on an *ex parte* basis.  The proposed interim protective order is filed herewith.  Exhibit A to this motion provides a markup of the minor edits to the District's model order.

### III.  LEGAL STANDARD

Trial courts have broad discretion to manage the discovery process in matters before them. *Jardin v. DATAllegro, Inc.*, No. 10-cv-2552-IEG (WVG), 2011 WL 3299395, at *5 (S.D. Cal. July 29, 2011).  Rule 26(c)(1) of the Federal Rules of Civil Procedure provides courts discretion to issue a protective order:

> to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]"

A court may issue a protective order specifying the terms of disclosure or discovery upon the movant showing good cause. *GXP Capital, LLC v. Argonaut EMS*, Case No. 17-cv-2283-GPC (BLM), 2018 U.S. Dist. LEXIS 102581, at *6 (S.D. Cal. June 19, 2018); *SolarCity Corp. v. Doria*, Case No. 16cv3085-JAH (RBB), 2017 WL 6551239, at *4 (S.D. Cal. Dec. 21, 2017).  Good cause exists when the movant has shown specific harm or prejudice that will result without an order. *Wright v. Old Gringo, Inc.*, Case No. 17-cv-1996-BAS (MSB), 2019 WL 5606633, at *1 (S.D. Cal. Feb. 19, 2019).  In determining whether good cause exists to issue a protective order in cases involving trade secrets or other confidential commercial information, courts in this district balance the risk of "inadvertent disclosure to the competitors of the producing party" against the risk that a protective order will "impair[] the requesting party's ability to prosecute its case." *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 06-cv-2671-BTM (WMC), 2011 WL 8831149, at *1 (S.D. Cal. Mar.

17, 2011) (citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

The provisions included in this District's model protective order, which include limiting portions of the information recited in Rule 26(c)(1)(G) to outside counsel only, are treated as "presumptively reasonable conditions regarding the treatment of highly confidential information." *GXP Capital*, 2018 U.S. Dist. LEXIS 102581, at *8-9 (finding party's submission of a declaration stating that information was "proprietary and trade-secret protected" "sufficient to establish that" the model protective order's outside counsel only provision was "a reasonable method to protect that information") (citation and quotation marks omitted).

Regardless of the provisions of a protective order, or a party's designation of information thereunder, the Court will ultimately determine whether information may be filed under seal.

### IV. ARGUMENT

There is good cause to issue the District's model protective order. This case, including Plaintiffs' motion for preliminary relief, will involve discussion of Plaintiffs' proprietary and competitively-sensitive confidential business information, as well as discussion of specific security measures implemented by Plaintiffs to restrict access to their proprietary data. Disclosure of this information to the public or to employees of Defendants would cause Plaintiffs great harm— particularly as Defendants have already demonstrated their willingness to engage in massive data theft and corporate espionage. Issuing the presumptively-reasonable model protective order will not impair Defendants' ability to litigate this case.

Issuing this order on an *ex parte* basis is warranted in order to avoid unnecessary delays and provide certainty regarding the handling of confidential information in connection with Plaintiffs' motion for a temporary restraining order and preliminary relief.

### A. This action involves Plaintiffs' trade secrets and other highly confidential research, development, or commercial information

Given the nature of Plaintiffs' claims in this action, Snap-on and Mitchell 1 must disclose evidence of confidential product development and security measures in their effort to obtain temporary and preliminary injunctive relief against Defendants' campaign of data theft.

For example, to show likelihood of success on their Digital Millennium Copyright Act ("DMCA"), Computer Fraud and Abuse Act ("CFAA"), and state law anti-hacking claims, Plaintiffs disclose security measures they use in order to control access to their data. These security measures include, *inter alia*, specific security authentication handshakes implemented using custom software. It would be extremely harmful to Plaintiffs if these security measures were to be disclosed, as it would render them vulnerable to attacks by third parties. (*See* Lewis Decl. in Support of Motion to Seal and for Protective Order ("Lewis Protective Order Decl."), ¶¶ 6, 10-12). The specifics regarding the confidentiality of other material that is being filed in support of Plaintiffs Motion for Temporary Restraining Order & Order to Show Cause is described in the Lewis Protective Order Decl. ¶¶ 5-9.

In addition, along with their motion for temporary and preliminary injunctive relief, Plaintiffs are filing a motion for expedited discovery. An interim protective order will provide protective measures that will allow both parties to produce confidential information in discovery.

The information Plaintiffs will provide in order to establish their likelihood of success on the merits of all claims for which they seek preliminary relief, and which could be subject to expedited discovery, includes confidential and sensitive business information, including but not limited to descriptions of information underlying the creation of Plaintiffs' one-of-a-kind and highly proprietary database of diagnostic and repair information, and financial information that has not been publicly disclosed. (Lewis Protective Order Decl. ¶¶ 5, 7, 9). Plaintiffs'

proprietary information gives them an enormous competitive edge over others in the industry, and comprises "trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way," which is protectable under Rule 26(c)(1)(G) as well as the model protective order adopted by this District. Fed. R. Civ. P. 26 (c)(1)(G). (*See* Lewis Protective Order Decl. ¶¶ 5, 10-12.)

### B. The model protective order will protect Plaintiffs from serious competitive harm and will not impair Defendants' ability to defend themselves

The District's model protective order balances the interests of a disclosing party in protecting confidential business information against the interests of the receiving party in using that information to prepare its claims or defenses. The basic provisions of the model order are similar to protective orders entered nationwide in thousands of district court cases every year. Moreover, courts in this District treat the provisions of its model protective order as "presumptively reasonable," *GXP Capital*, 2018 U.S. Dist. LEXIS 102581, at *8-9. Courts in this District have also stated the model protective order will "govern[] discovery unless the court enters a different protective order." *Id.* at *7 (quoting *SolarCity Corp.*, 2017 WL 6551239, at *4) (same).

The facts of this case do not warrant deviating from the model order for purposes of an interim protective order. As described above, this case will involve discussion of Plaintiffs' highly confidential business and security information, which is protectable under the Federal Rules of Civil Procedure. If Plaintiffs had to reveal this and other sensitive business information to their competitor Autel, much less subject that information to public disclosure, the harm to Plaintiffs could be extraordinary. *See SolarCity Corp.*, 2017 WL 6551239, at *4 (weighing risk of harm if information was revealed); (*see* Lewis Protective Order Decl. ¶¶ 10-12). Courts in this District have adopted protective orders and protected parties' trade secrets and proprietary information from their competitors for similar reasons. *See,*

*e.g., GXP Capital*, 2018 U.S. Dist. LEXIS 102581, at *8 (finding the model protective order's outside counsel only provision was "a reasonable method to protect" "sensitive and carefully-protected business and competitive information").

At the same time, the entry of an interim protective order will not "impair" Defendants' ability to prepare their defenses or otherwise litigate the case. By operation of the Local Rules, Defendants must retain an attorney to appear on their behalf. *See* Civ. L.R. 83.3(j) (corporate defendant may appear only through admitted attorney). Defendants are large companies and will presumably retain competent outside counsel to represent them. These outside attorneys may view Plaintiffs' highly confidential information. The protective order will allow outside counsel for the parties to more freely exchange information in order to understand the other side's positions.

Of course, should any party disagree with a confidentiality designation made by the other side that cannot be solved through conferral, the model protective order sets forth a process for motion practice. *See* Exhibit A ¶ 14.

## V.   CONCLUSION

For the forgoing reasons, Plaintiffs request this court grant its Motion and enter the model protective order attached as Exhibit A.

Dated: July 28, 2021

Respectfully submitted,

MORRISON & FOERSTER LLP

By: */s/ Kenneth A. Kuwayti*
Kenneth A. Kuwayti
KKuwayti@mofo.com

Attorneys for Plaintiffs
MITCHELL REPAIR INFORMATION COMPANY, LLC and SNAP-ON INCORPORATED