# EXHIBIT A

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10

11   MITCHELL REPAIR INFORMATION          Case No. 3:21-cv-01339-CAB-BGS
     COMPANY, LLC, a Delaware limited
12   liability company, and SNAP-ON
     INCORPORATED,                         ~~PROTECTIVE ORDER~~INTERIM
13   a Delaware corporation,               PROTECTIVE ORDER
14
                   Plaintiffs,
15
          v.
16
     AUTEL. US INC., a New York
17   corporation, and AUTEL INTELLIGENT
     TECHNOLOGY CORP., LTD., a
18   Chinese corporation,
19
                   Defendants.
20

21       This matter comes before the Court on Plaintiffs' Ex Parte Motion for Entry of an

22   Interim Protective Order.  Having considered the Motion and all related papers, and for

23   good cause shown, the Court GRANTS the Motion and issues this Interim Protective

24   Order, which shall remain in effect unless and until the Court enters a permanent

25   Protective Order.

26       ~~The Court recognizes that at least some of the documents and information~~

27   ~~("materials") being sought through discovery in the above captioned action are, for~~

28

                                           1

                                                                 ~~00cv0000~~_____

1  competitive reasons, normally kept confidential by the parties. The parties have agreed

2  to be bound by the terms of this Protective Order ("Order") in this action.

3       The materials to be exchanged throughout the course of the litigation between the

4  parties may contain trade secret or other confidential research, technical, cost, price,

5  marketing or other commercial information, as is contemplated by Federal Rule of Civil

6  Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such

7  materials as much as practical during the litigation. THEREFORE:

8                                    DEFINITIONS

9       1.     The term "confidential information" will mean and include information

10  contained or disclosed in any materials, including documents, portions of documents,

11  answers to interrogatories, responses to requests for admissions, trial testimony,

12  deposition testimony, and transcripts of trial testimony and depositions, including data,

13  summaries, and compilations derived therefrom that is deemed to be confidential

14  information by any party to which it belongs.

15       2.     The term "materials" will include, but is not be limited to: documents;

16  correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other

17  material that identify customers or potential customers; price lists or schedules or other

18  matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;

19  contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk

20  diaries; appointment books; expense accounts; recordings; photographs; motion pictures;

21  compilations from which information can be obtained and translated into reasonably

22  usable form through detection devices; sketches; drawings; notes (including laboratory

23  notebooks and records); reports; instructions; disclosures; other writings; models and

24  prototypes and other physical objects.

25       3.     The term "counsel" will mean outside counsel of record, and other attorneys,

26  paralegals, secretaries, and other support staff employed in the law firms identified

27  below:

28

2

00cv0000_____

1    ["Counsel"@ also includes _____, in-house

2    attorneys for [Plaintiff] and _____, in-house attorneys for

3    [Defendant].]of outside counsel of record.

4                              <u>GENERAL RULES</u>

5        4.      Each party to this litigation that produces or discloses any materials, answers

6 to interrogatories, responses to requests for admission, trial testimony, deposition

7 testimony, and transcripts of trial testimony and depositions, or information that the

8 producing party believes should be subject to this Protective Order may designate the

9 same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

10        a.     Designation as "CONFIDENTIAL": Any party may designate information

11 as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the

12 unrestricted disclosure of such information could be potentially prejudicial to the business

13 or operations of such party.

14        b.     Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party

15 may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in

16 the good faith belief of such party and its counsel, the information is among that

17 considered to be most sensitive by the party, including but not limited to trade secret or

18 other confidential research, development, financial or other commercial information.

19        5.      In the event the producing party elects to produce materials for inspection,

20 no marking need be made by the producing party in advance of the initial inspection. For

21 purposes of the initial inspection, all materials produced will be considered as

22 "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to

23 the terms of this Order. Thereafter, upon selection of specified materials for copying by

24 the inspecting party, the producing party must, within a reasonable time prior to

25 producing those materials to the inspecting party, mark the copies of those materials that

26 contain confidential information with the appropriate confidentiality marking.

27        6.      Whenever a deposition taken on behalf of any party involves a disclosure of

28 confidential information of any party:

3

a.   the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

b.   the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.   the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.   All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

4

00cv0000_____

8.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9.    Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

      a)    Executives who are required to participate in policy decisions with reference to this action;

      b)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

      c)    Stenographic and clerical employees associated with the individuals identified above.

10.    With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the

5

1    document to be its originator, author or a recipient of a copy of the document, may be
2    shown the same.

3        11.    All information which has been designated as "CONFIDENTIAL" or
4    "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and
5    any and all reproductions of that information, must be retained in the custody of the
6    counsel for the receiving party identified in paragraph 3, except that independent experts
7    authorized to view such information under the terms of this Order may retain custody of
8    copies such as are necessary for their participation in this litigation.

9        12.    Before any materials produced in discovery, answers to interrogatories,
10   responses to requests for admissions, deposition transcripts, or other documents which
11   are designated as confidential information are filed with the Court for any purpose, the
12   party seeking to file such material must seek permission of the Court to file the material
13   under seal.

14       13.    At any stage of these proceedings, any party may object to a designation of
15   the materials as confidential information. The party objecting to confidentiality must
16   notify, in writing, counsel for the designating party of the objected-to materials and the
17   grounds for the objection. If the dispute is not resolved consensually between the parties
18   within seven (7) days of receipt of such a notice of objections, the objecting party may
19   move the Court for a ruling on the objection. The materials at issue must be treated as
20   confidential information, as designated by the designating party, until the Court has ruled
21   on the objection or the matter has been otherwise resolved.

22       14.    All confidential information must be held in confidence by those inspecting
23   or receiving it, and must be used only for purposes of this action. Counsel for each party,
24   and each person receiving confidential information must take reasonable precautions to
25   prevent the unauthorized or inadvertent disclosure of such information. If confidential
26   information is disclosed to any person other than a person authorized by this Order, the
27   party responsible for the unauthorized disclosure must immediately bring all pertinent
28   facts relating to the unauthorized disclosure to the attention of the other parties and,

6

00cv0000_____

without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.   No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.   If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17.   Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.   Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19.   This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used

7

1  by either party as a basis for discovery that is otherwise improper under the Federal Rules
2  of Civil Procedure.

3       20.    Nothing within this order will be construed to prevent disclosure of
4  confidential information if such disclosure is required by law or by order of the Court.

5       21.    Upon final termination of this action, including any and all appeals, counsel
6  for each party must, upon request of the producing party, return all confidential
7  information to the party that produced the information, including any copies, excerpts,
8  and summaries of that information, or must destroy same at the option of the receiving
9  party, and must purge all such information from all machine-readable media on which it
10 resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings,
11 briefs, memoranda, motions, and other documents filed with the Court that refer to or
12 incorporate confidential information, and will continue to be bound by this Order with
13 respect to all such retained information. Further, attorney work product materials that
14 contain confidential information need not be destroyed, but, if they are not destroyed, the
15 person in possession of the attorney work product will continue to be bound by this Order
16 with respect to all such retained information.

17      22.    The restrictions and obligations set forth within this order will not apply to
18 any information that: (a) the parties agree should not be designated confidential
19 information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the
20 parties agree, or the Court rules, has become public knowledge other than as a result of
21 disclosure by the receiving party, its employees, or its agents in violation of this Order;
22 or (d) has come or will come into the receiving party's legitimate knowledge
23 independently of the production by the designating party. Prior knowledge must be
24 established by pre-production documentation.

25      23.    The restrictions and obligations within this order will not be deemed to
26 prohibit discussions of any confidential information with anyone if that person already
27 has or obtains legitimate possession of that information.

28      24.    Transmission by email or some other currently utilized method of

00cv0000

1  transmission is acceptable for all notification purposes within this Order.

2      25.    This Order may be modified by agreement of the parties, subject to approval

3  by the Court.

4      26.    The Court may modify the terms and conditions of this Order for good

5  cause, or in the interest of justice, or on its own order at any time in these proceedings.

6  The parties Plaintiffs prefer that the Court provide them with notice of the Court's intent

7  to modify the Order and the content of those modifications, prior to entry of such an

8  order.

9

10     IT IS SO ORDERED this _____ day of _____, _____

11

12              _____

13                          Judge, United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

00cv0000_____