KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
BERKELEY G. FIFE (CA SBN 325293)
BFife@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600

JOHN R. LANHAM (CA SBN 289382)
JLanham@mofo.com
JANET S. KIM (CA SBN 313815)
JKim@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100

Attorneys for Plaintiffs
MITCHELL REPAIR INFORMATION
COMPANY, LLC and SNAP-ON
INCORPORATED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MITCHELL REPAIR INFORMATION COMPANY, LLC, a Delaware limited liability company, and SNAP-ON INCORPORATED, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUTEL. US INC., a New York corporation, and AUTEL INTELLIGENT TECHNOLOGY CORP., LTD., a Chinese corporation,<br><br>Defendants. | Case No. 3:21-cv-01339-CAB-BGS<br><br>**DECLARATION OF BRADLEY LEWIS IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO FILE DOCUMENTS UNDER SEAL AND PLAINTIFFS' *EX PARTE* APPLICATION FOR ENTRY OF INTERIM PROTECTIVE ORDER**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Courtroom: 15A<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>**Jury Trial Demanded** |

I, Bradley Lewis, declare:

1. I am Vice President of Repair Systems & Information at Snap-on Incorporated ("Snap-on").

2. I submit this declaration in support of Mitchell Repair Information Company, LLC's ("Mitchell 1") and Snap-on's (collectively, "Plaintiffs") Motion to File Documents Under Seal and Application for Entry of an Interim Protective Order. I have personal knowledge of the matters set forth below. If called on as a witness, I could and would competently testify to them.

3. Snap-on and Mitchell 1 seek to file under seal portions of the following documents: (i) Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction ("Motion for Injunctive Relief"); (ii) my declaration in support thereof; (iii) the Declaration of Jeff Grier in support thereof; and (iv) the Declaration of Daniel Roffman in support thereof. In addition, Plaintiffs seek to file under seal Exhibits 8, 10 and 11, and to redact personal identifying information from Exhibits 12 and 14 to my declaration in support of Plaintiffs' Motion for Injunctive Relief.

4. In addition, Snap-on and Mitchell 1 are seeking entry of an interim protective order in this action. I understand that, Plaintiffs' proposed protective order contains a "CONFIDENTIAL – FOR COUNSEL ONLY" designation, which would apply to highly sensitive information that may only be viewed by counsel of record (and their support staff) of the receiving party, and by independent experts. In other words, information designated as such may not be viewed by the receiving party itself.

5. I have reviewed Plaintiffs' Motion for Injunctive Relief and supporting declarations and see that portions of them contain Snap-on and Mitchell 1's highly confidential and completely sensitive business information. This information includes details regarding the creation and maintenance of Snap-on and Mitchell 1's proprietary data, trade secrets, and copyright-protected information, including

details regarding the creation and maintenance of Plaintiffs' proprietary databases (including regarding Plaintiffs' proprietary database software) and the proprietary data stored within these databases, and details regarding Plaintiffs' security and anti-piracy efforts (including details of proprietary security software).  This information also includes details of Snap-on and Mitchell 1's internal business analysis, including competitively-sensitive financial information.  Below, I provide non-exclusive examples of instances where Plaintiffs' Motion for Injunctive Relief and supporting declarations include confidential and completely sensitive business information that Plaintiffs seek to file under seal.

6. As one example, at least paragraphs 9-10, 21-22 of the Declaration of Jeff Grier, at least paragraphs 11, 30-31, 63, 67 of the Declaration of Daniel Roffman, and at least paragraphs 75-76 of my declaration in support of Plaintiffs' Motion for Injunctive Relief each discuss details about aspects of the security measures that we take to protect our proprietary diagnostic and repair data.  If disclosed, this information would render our systems more vulnerable to attack.

7. As another example, the redacted portions of paragraph 45 of my declaration in support of Plaintiffs' Motion for Injunctive Relief discloses the total amount of money that we pay to license OEM repair information data.  This is not a figure that is publicly disclosed, and it is competitively sensitive information.

8. Exhibits 12, 14 to my declaration in support of Plaintiffs' Motion for Injunctive Relief include personal identifying information, including email and phone number, which has been redacted to maintain the individual's privacy.

9. As a final example, at least paragraphs 20-21, 26, 47 of the Declaration of Daniel Roffman and at least paragraphs 94, 96, 98, 100, 104 and Exhibits 8, 10, and 11 of my declaration in support of Plaintiffs' Motion for Injunctive Relief, disclose details of countermeasures that we took in response to the attacks on our system.  If Autel or others were to learn the specifics of those countermeasures that would potentially render our systems more vulnerable to attack.

10. Snap-on and Mitchell 1 take significant measures to protect this confidential and completely sensitive business information and maintain its secrecy. Our security measures begin with internal access controls: even to our own employees, we only disclose this information on a need-to-know basis, and employees who have access to this information must sign confidentiality agreements and/or non-disclosure agreements. We also store all of our proprietary information on password-protected servers and do not license our comprehensive data set to anyone. We do occasionally license subsets of our data, but only for use in non-competing products (e.g., for OEM internal analysis) and only pursuant to strict non-disclosure agreements requiring that confidentiality of our data be maintained. Finally, we implement security measures on our products (Snap-on handheld diagnostic devices and Mitchell 1's ProDemand / TruckSeries) to limit customer access to our comprehensive data set and to prevent unauthorized use of our products. These measures are described in more detail in the declaration of Jeff Grier and in my declaration in support of the Motion for Injunctive Relief.

11. Snap-on and Mitchell 1 undergo the time, expense, and effort required to build and maintain this security regime because it helps secure some of our most highly confidential and competitively sensitive business information. Disclosure of this information to the public, including to a competitor or an employee of Defendants, would cause us immeasurable harm. Disclosing details of our security measures to the public would render these security measures more vulnerable to attacks by third parties. And, given that none of our competitors have anywhere near the volume of diagnostic and repair data we have, disclosing details about our highly proprietary data and database would put at risk the data which gives us an edge over other players in our industry and would significantly harm us.

12. I also understand that in this action, Snap-on and Mitchell 1 may be required to provide documents or other information at the request of Autel or of this Court. Given the topics raised in Plaintiffs' Motion for Injunctive Relief, which I

describe above, and also in Plaintiffs' Complaint, documents and information responsive to these requests are likely to contain highly confidential and competitively-sensitive information about Snap-on and Mitchell 1's products and business. For example, Defendants are likely to request additional information regarding our product development, our network security, and our financials. Much of this information is highly confidential and competitively sensitive. As I described above, if this information was disclosed to our competitors, including to Defendants, the harm to Snap-on and Mitchell 1 would be substantial.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 28, 2021, in Chicago, Illinois.

Bradley Lewis