UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MITCHELL REPAIR INFORMATION COMPANY, LLC and SNAP-ON INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>AUTEL US INC. and AUTEL INTELLIGENT TECHNOLOGY CORP., LTD.,<br><br>Defendants. | Case No.: 21-CV-1339-CAB-BGS<br><br>**ORDER ON JOINT MOTION AND STIPULATION REGARDING PENDING MOTIONS**<br><br>[Doc. Nos. 6, 18] |
|---|---|

  Plaintiffs Mitchell Repair Information Company, LLC and Snap-on Incorporated (collectively, "Plaintiffs") have filed an *Ex Parte* Motion for (1) Temporary Restraining Order and (2) Order to Show Cause Regarding Preliminary Injunction (ECF No. 6) and an *Ex Parte* Motion for (1) Leave to Take Expedited Discovery and (2) Evidence Preservation Order (ECF No. 7).  In response to those motions, Plaintiffs and Defendants Autel. US Inc. ("Autel US") and Autel Intelligent Technology Corp., Ltd. ("Autel ITC") (collectively, "Autel") submitted a Joint Motion and Stipulation Regarding Pending Motions.

  Having reviewed that Joint Motion and Stipulation and related papers, the Court **ORDERS** as follows:

(1) Autel, including its officers, agents, independent contractors, employees, and any persons actively acting in concert with them regarding the allegations set forth in Plaintiffs' Complaint, are **ORDERED NOT TO**:

  a. access, directly or indirectly, Plaintiffs' handheld diagnostic devices, TruckSeries, or ProDemand products, or any of Plaintiffs' data servers or data services software associated with those products ("Plaintiffs' Vehicle Diagnostic and Repair Products").

  b. disclose, disseminate, or make use of any data or information obtained from Plaintiffs' Vehicle Diagnostic and Repair Products, including by making changes to Autel's products and/or services derived from such data.

(2) Paragraph 1 of this Order shall not apply to data or information Autel obtained with authorization from any third party who was authorized to provide Autel with such data, or to data or information which was obtained from public website materials from a website source that provided Autel with the authority to use such information publicly, including within its products.

(3) Paragraph 1 of this Order shall remain in effect until the Court rules on Plaintiffs' Motion for a Preliminary Injunction or until further order by the Court. To the extent Plaintiffs do not file a Motion for Preliminary Injunction by October 13, 2021, Paragraph 1 of this Order shall expire on October 14, 2021, absent further agreement by the parties or order of the Court.

(4) Autel, including its officers, agents, independent contractors, employees, and any persons actively acting in concert with them regarding the allegations set forth in Plaintiffs' Complaint, are **ORDERED TO**:

  a. Preserve all devices, documents, metadata, or electronic information relating to the alleged access of any of Plaintiffs' Vehicle Diagnostic and Repair Products or relating to the alleged disclosure, dissemination, review, or use of any data or information obtained from Plaintiffs' Vehicle Diagnostic and Repair Products.

  b. Within 14 days of this Order, turn over to third party consultant Charles River Associates or a vendor mutually agreed to by the parties ("Vendor") for

forensic imaging and analysis: (i) any ZEUS tablets or other handheld devices originally offered for sale by Plaintiffs in Autel's possession, custody, or control; and (ii) any device used by Autel to bypass Plaintiffs' authentication or other access controls, to programmatically access Plaintiffs' systems, or to download or store any data obtained by the foregoing methods (collectively, "Imaged Devices").Vendor shall image all devices and provide copies of each to the parties' counsel on a rolling basis beginning no later than three business days after the completion of the imaging process.  The parties shall meet and confer within seven days of the date of this Order to agree to a forensic protocol to address potential confidentiality, privilege, and export issues associated with analysis of the forensic images.  At the conclusion of the forensic imaging process, counsel for Autel shall sequester and maintain custody of the Imaged Devices for the pendency of the litigation.

(5) Paragraph 4 of this Order shall remain in effect until final judgment in this matter or further order by the Court.

(6) Autel is **ORDERED** to provide a copy of this Order to its officers, agents, independent contractors, employees, and any persons actively acting in concert with them regarding the allegations set forth in Plaintiffs' Complaint.

(7) As to deadlines for the preliminary injunction process and associated discovery, the Court **ORDERS** as follows:

    a.    Plaintiffs may immediately serve the requested expedited discovery set forth in Plaintiffs' *Ex Parte* Motion for Leave to Take Expedited Discovery (ECF No. 7) and may serve that expedited discovery on both Autel US and Autel ITC by email service upon Autel's counsel, Fish & Richardson. Autel shall have 10 days from the date of service to serve any objections to Plaintiffs' requests for production, interrogatories, and deposition topics so that the Parties may promptly bring any disputed issues before the Court if necessary.  Autel shall have 30 days from the date of service to provide its responses and document production for the written discovery requests, including any requests for inspection.  In the event the document requests generate a particularly large volume of documents (separate from the requests satisfied by making devices available for forensic imaging pursuant to paragraph 4b), the parties will meet and confer regarding the time needed to complete document production and if unable to reach agreement, Autel may seek relief from the Court.

    b.    The Parties shall agree on a mutually acceptable date for 30(b)(6)

deposition(s) to take place after Autel's responses to Plaintiffs' discovery requests.

c.  Autel shall file an Answer to Plaintiffs' Complaint [ECF No. 1] no later than **September 17, 2021**.

d.  In light of the parties' stipulation and this order, Plaintiffs' ex parte motion for a temporary restraining order [Doc. No. 6] is deemed **MOOT**, and the briefing schedule and hearing related thereto [Doc. No. 16] are **VACATED**. Plaintiffs may file a Motion for a Preliminary Injunction no later than **October 13, 2021**.

e.  Autel shall file their Response to Plaintiffs' Motion for Preliminary Injunction no later than **November 1, 2021**.

f.  Plaintiffs shall file their Reply in Support of their Motion for Preliminary Injunction no later than **November 12, 2021**.

g.  The Court will hold a hearing on Plaintiffs' Motion for a Preliminary Injunction on **November 18, 2021** at **2:00 p.m.** in Courtroom 15A.

(8) Pursuant to Fed. R. Civ. P. 26(d)(1), the Court **ORDERS** that the Parties may begin to seek discovery upon the entry of this Order.

It is **SO ORDERED**.

Dated:  August 9, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge