Christopher S. Marchese (CA 170239 / marchese@fr.com)
Tim Rawson (CA 304755 / rawson@fr.com)
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

David M. Barkan (CA 160825 / barkan@fr.com)
Jeanel N. Sunga (CA 333815 / sunga@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070 / Fax: (650) 839-5071

Attorneys for Defendants
AUTEL. US INC., and AUTEL INTELLIGENT
TECHNOLOGY CORP., LTD.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL REPAIR INFORMATION COMPANY, LLC., and SNAP-ON INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>AUTEL. US INC., and AUTEL INTELLIGENT TECHNOLOGY CORP., LTD.,<br>Defendants. | Case No. 3:21-cv-01339-CAB-BGS<br><br>**DEFENDANTS' MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Courtroom: 15A<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

1

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................................ 1

II.    LEGAL STANDARD ................................................................. 1

III.   DOCUMENTS SOUGHT TO BE SEALED ................................ 3

     A.     CONFIDENTIAL JAMS ORDERS .................................. 3

     B.     INTERNAL COMMUNICATIONS AND MEMOS ......... 4

     C.     SALES AND MARKETING INFORMATION ................. 6

     D.     SETTLEMENT AGREEMENT AND OTHER DOCUMENTS RELATING TO FORENSIC INVESTIGATION ................................................................. 9

IV.    FACTS SOUGHT TO BE SEALED ........................................ 12

V.     CONCLUSION ....................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adobe Sys., Inc. Sec. Litig.*,
  141 F.R.D. 155 (N.D. Cal. 1992) .......................................................2

*Apple Inc. v. Samsung Elecs. Co.*,
  727 F.3d 1214 (Fed. Cir. 2013) ........................................................8

*Childs v. San Diego Family Hous., LLC*,
  No. 19-cv-2329, 2020 U.S. Dist. LEXIS 85571 (S.D. Cal. May 14,
  2020) ..............................................................................................1, 2

*Childs v. San Diego Family Housing, LLC*,
  No. 19-cv-2329, 2020 WL 2512188 (May 14, 2020) .......................2

*In re Elec. Arts, Inc.*,
  298 Fed. Appx. 568 (9th Cir. 2008) .......................................2, 9, 10

*Fed. Trade Comm'n v. Qualcomm Inc.*,
  No. 17-CV-00220, 2019 WL 95922 (N.D. Cal. Jan. 3, 2019)...........2

*Foltz v. State Farm Mutual Auto Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) .....................................................1, 11

*Frayer v. NSF Int'l*,
  No. 20-CV-10682, 2021 WL 3912756 (E.D. Mich. Sept. 1, 2021)...................12

*Hansen Beverage Co. v. DSD Distribs., Inc.*,
  No. 08-CV-619, 2008 WL 5233180 (S.D. Cal. Dec. 12, 2008) ........3

*In re Incretin-Based Therapies Prods. Liab. Litig.*,
  No. 13-md-2452, 2015 U.S. Dist. LEXIS 186540 (S.D. Cal. Nov. 18,
  2015) ..................................................................................................2

*Kamakana v. City and County of Honolulu*,
  447 F.3d 1172 ....................................................................................1

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978)........................................................................1, 2

*In re PersonalWeb Techs., LLC Pat. Litig.*,
  No. 18-MD-02834-BLF, 2019 WL 13033990 (N.D. Cal. Dec. 16,
  2019) ................................................................................................11

1

2

*In re Qualcomm Litig.*,
  No. 3:17-cv-0108, 2018 U.S. Dist. LEXIS 70648 (S.D. Cal. 2018)..................10

3

4

*Rich v. Hewlett-Packard Co.*,
  No. 06-CV-03361, 2009 WL 10628294 (N.D. Cal. Dec. 14, 2009)...................6

5

6

*Rothman v. Snyder*,
  No. 20-CV-3290, 2020 WL 7395488 (D. Md. Dec. 17, 2020) ......................3, 5

7

8

*San Diego Comic Convention v. Dan Farr Prods.*,
  No. 14-cv-1865, 2017 U.S. Dist. LEXIS 177985 (S.D. Cal. Oct. 25,
  2017) ...................................................................................................................8

9

10

*Sanguinetti v. Nevada Rest. Servs., Inc.*,
  No. 2:21-CV-1768, 2023 WL 6445005 (D. Nev. Oct. 3, 2023)......................11

11

12

*Xifin, Inc. v. Sunshine Pathways, LLC*,
  No.16-cv-01218, 2016 U.S. Dist. LEXIS 141440 (S.D. Cal. Oct. 12,
  2016) ...................................................................................................................8

13

14

15

*Young v. United Parcel Serv., Inc.*,
  No. 08-2586-DKC, 2011 WL 665321 (D. Md. Feb. 14, 2011),
  vacated on other grounds, 575 U.S. 206 (2015)...................................................6

16

**Other Authorities**

17

Fed. R. Civ. P. 26(c)(1)(G) ...............................................................................1

18

Local Rule 79.2..................................................................................................1

19

20

Restatement of Torts § 757, cmt. .......................................................................2

21

JAMS Streamlined Arbitration Rules & Procedures Rule 21 .................................3

22

23

24

25

26

27

28

## I. INTRODUCTION

Defendants Autel, US Inc. and Autel Intelligent Technology Corp., Ltd. ("Defendants" or "Autel") moves pursuant to Civil Local Rule 79.2, Judge Bencivengo's Chambers Rules, and the Electronic Case Filing Administrative Policies and Procedures Section 2(j) for an Order allowing it to file under seal portions of Plaintiffs' briefing in support of its Motion for Contempt of the Permanent Injunction and exhibits in support due to be filed on July 7, 2025. Defendants have narrowly tailored their request to seal. After 5:00 pm PT on Friday, June 20, 2025, Counsel for Plaintiffs Mitchell Repair Information Company, LLC and Snap-On Incorporated (collectively, "Plaintiffs") provided notice to Counsel for Defendants of its intent to file documents designated by Plaintiffs as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Counsel for Plaintiffs clarified their notice on Monday, June 23, 2025, stating that "Autel should file any motion to seal the below information or exhibits by this Friday, June 27."

## II. LEGAL STANDARD

The Ninth Circuit recognizes there is a presumption of public access to judicial records unless a particular court record is one "traditionally kept secret." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (quoting *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A trial court has broad discretion to permit sealing of court documents for the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Childs v. San Diego Family Hous., LLC*, No. 19-cv-2329, 2020 U.S. Dist. LEXIS 85571, at *4 (S.D. Cal. May 14, 2020) (quoting FED. R. CIV. P. 26(c)(1)(G)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such" records may be used to "release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Courts within the Ninth Circuit—including the Southern District of California—have found compelling reasons to seal documents where the information in question comprises

trade secrets. *See, e.g.*, *Childs v. San Diego Family Housing, LLC*, No. 19-cv-2329, 2020 WL 2512188, at *2–3 (May 14, 2020) (finding compelling reasons to information identified as trade secrets*); see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) ("to the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties' competitive standing and divulges . . . trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information.*");* *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161–62 (N.D. Cal. 1992) ("Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the 'parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated.").

For purposes of a motion to seal, the Ninth Circuit has defined a trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b); *see also In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 13-md-2452, 2015 U.S. Dist. LEXIS 186540, at *378 (S.D. Cal. Nov. 18, 2015). Courts applying this definition "have concluded that detailed product-specific financial information, customer information and internal reports are appropriately sealable under the compelling reasons standard where that information could be used to the company's competitive disadvantage." *In re Incretin-Based Therapies Prods.*, 2015 U.S. Dist. LEXIS 186540, at *378. Sealing is also appropriate "to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Childs*, 2020 U.S. Dist. LEXIS 85571, at *5 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

## III.    DOCUMENTS SOUGHT TO BE SEALED

There are compelling reasons to grant Defendants' request to file under seal the following documents, as well as the portions of Plaintiffs' briefing that cites or refers to these documents, as explained by reference to the following categories of documents:

### A.    CONFIDENTIAL JAMS ORDERS

| Bates Number | Description | Rationale |
|---|---|---|
| N/A (JAMS Arbitration Order Nos. 15, 17, 20, and 27) | These are confidential orders issued by the arbitrator in this case. | These are orders issued under the confidentiality rules of the arbitration tribunal and are not publicly shared under the rules. |

The documents above reflect confidential orders from the JAMS arbitration tribunal.  The underlying arbitration was conducted confidentially pursuant to the JAMS Streamlined Arbitration Rules & Procedures. *See* Rule 21. Confidentiality and Privacy.    This Court has previously found good cause for sealing arbitration documents. *See, e.g., Hansen Beverage Co. v. DSD Distribs., Inc.*, No. 08-CV-619, 2008 WL 5233180, at *3 (S.D. Cal. Dec. 12, 2008) ("The final arbitration award was issued on April 4, 2008. (See Final Award [doc. no. 4, filed under seal].); *see also Rothman v. Snyder*, No. 20-CV-3290, 2020 WL 7395488, at *4 (D. Md. Dec. 17, 2020) ("[T]his Court and others have recognized that it is in some instances proper to respect the confidentiality of arbitration to protect parties' business interests and the integrity of arbitration itself.").  Here the parties entered into an arbitration proceeding they agreed would be confidential, and it would be in the best interests of their business and the integrity of the proceeding itself for these documents to remain confidential.

Accordingly, compelling reasons exist to maintain the confidentiality of this information, as well as the portions of Plaintiffs' briefing that cite or refer to them.

## B.    INTERNAL COMMUNICATIONS AND MEMOS

| Bates Number | Description | Rationale |
|---|---|---|
| AUTEL_ITC-006016 (and translation) | This is an internal Autel communication regarding product data consolidation and competitive analyses. | This is highly confidential technical information regarding the highly confidential operation of and development of Autel's products. Defendants do not publicly disclose their internal correspondence. |
| AUTEL_ITC-000063 (and translation) | This is an internal Autel email regarding codes and data collection for Autel product. | This is highly confidential technical information regarding the highly confidential operation of and development of Autel's products. Defendants do not publicly disclose their internal correspondence. |
| AUTEL_ITC-005310 (and translation) | This is an internal Autel excel spreadsheet which details internal steps for technical verifications. | This is highly confidential technical information regarding the highly confidential operation of and development of Autel's products. Defendants do not publicly disclose their internal correspondence. |
| AUTEL_US-009084 | This is an internal Autel email thread which discusses username and password information for online accounts. | This is highly confidential business information regarding Autel's employee practices, operations, and management. Defendants do not publicly disclose their internal correspondence. |
| TR_AUTEL_ITC-003962 | This is an internal Autel email which provides | This is highly confidential technical information |

4

| Bates Number | Description | Rationale |
|---|---|---|
|  | internal meeting minutes regarding the development of Autel's Cloud Product service line | regarding the highly confidential operation of and development of Autel's products. Defendants do not publicly disclose their internal correspondence. |
| AUTEL_ITC-004133 (and translation) | This is an internal Autel email which provides the company's March 19, 2021 weekly meeting minutes regarding development of Autel Cloud Product | This is highly confidential technical information regarding the highly confidential operation of and development of Autel's products. Defendants do not publicly disclose their internal correspondence. |
| AUTEL_US-013061 | These are internal communications between Autel employees regarding username and password information for online accounts. | This is highly confidential business information regarding Autel's employee practices, operations, and management. Defendants do not publicly disclose their internal correspondence. |
| AUTEL_US-009367 | This is an internal Autel email which discusses an Autel customer's product purchase | This is highly confidential business information regarding Autel's customer purchases and product distribution. Defendants do not publicly disclose their internal correspondence. |

It is well established that parties may seal private personal information, including home addresses, personal phone numbers, and email addresses. *See, e.g.*, *Rothman v. Snyder*, No. CV 20-3290 PJM, 2020 WL 7395488, at *4 (D. Md. Dec. 17, 2020) (granting motion to seal exhibits containing "private information of

nonparties—some of whom are unidentified—and because they do not bear on any issues pending in this matter"); *Young v. United Parcel Serv., Inc.*, No. 08-2586-DKC, 2011 WL 665321, at *22 (D. Md. Feb. 14, 2011) (granting motions to seal exhibits containing, in part, "personal employee information"), vacated on other grounds, 575 U.S. 206 (2015); Reaves v. Jewell, No. 14-2245, 2014 WL 6698717, at *2 (D. Md. Nov. 26, 2014) (granting motion to redact personal identifying information, including plaintiff's personal contact information).  Similarly, internal communications of a company typically contain highly sensitive information about internal operations that present compelling reasons for filing such materials under seal. *See Rich v. Hewlett-Packard Co.*, No. 06-CV-03361, 2009 WL 10628294, at *1 (N.D. Cal. Dec. 14, 2009) (finding good cause to seal "internal communications" concerning "HP's internal structure and operations").  Here the materials sought to be sealed include internal codes and data collection practices, product data consolidation and competitive analyses, username and password information for various accounts, internal steps for technical verifications, confidential meeting notes, and other information that could be used to harm Defendants if disclosed publicly.

Accordingly, compelling reasons exist to maintain the confidentiality of this information, as well as the portions of Plaintiffs' briefing that cite or refer to them.

## C.    SALES AND MARKETING INFORMATION

| Bates Number | Description | Rationale |
|---|---|---|
| AUTEL_US-039039 | This is an internal email discussing Autel's November 2020 weekly sales report. | Confidential financial and marketing information is recognized as information that can expose a party to unfair competitive disadvantage if publicly disclosed. Defendants do not publicly disclose their sales and marketing information publicly. |
| AUTEL_US-039021 | This is an internal email discussing Autel's | Confidential financial and marketing information is |

DEFENDANTS' MOTION TO FILE UNDER SEAL
CASE NO. 3:21-cv-01339-CAB-BGS

| Bates Number | Description | Rationale |
|---|---|---|
| | November 2020 weekly sales report. | recognized as information that can expose a party to unfair competitive disadvantage if publicly disclosed. Defendants do not publicly disclose their sales and marketing information publicly. |
| AUTEL_US-039966 | This is an internal email discussing Autel's July 2020 weekly sales report. | Confidential financial and marketing information is recognized as information that can expose a party to unfair competitive disadvantage if publicly disclosed. Defendants do not publicly disclose their sales and marketing information publicly. |
| AUTEL_US-037066 | This is an internal email discussing Autel's May 2021 weekly sales report. | Confidential financial and marketing information is recognized as information that can expose a party to unfair competitive disadvantage if publicly disclosed. Defendants do not publicly disclose their sales and marketing information publicly. |
| AUTEL_US-037410 | This is an internal email discussing Autel's March 2021 weekly sales report. | Confidential financial and marketing information is recognized as information that can expose a party to unfair competitive disadvantage if publicly disclosed. Defendants do not publicly disclose their sales and marketing information publicly. |

DEFENDANTS' MOTION TO FILE UNDER SEAL
CASE NO. 3:21-cv-1339-CAB-BGS

1    The information identified above reflects Defendants' highly confidential sales,

2  financial, and marketing information.

3    Confidential financial information is recognized as information that can expose

4  a party to unfair competitive disadvantage if publicly disclosed. *See Xifin, Inc. v.*

5  *Sunshine Pathways, LLC*, No.16-cv-01218, 2016 U.S. Dist. LEXIS 141440, at *7-8

6  (S.D. Cal. Oct. 12, 2016) (finding compelling reason to seal an agreement containing

7  information about a party's pricing structure, the nature of the services it provides,

8  and its security and billing systems, among other information, that could expose it "to

9  a competitive disadvantage if revealed"); *San Diego Comic Convention v. Dan Farr*

10 *Prods.*, No. 14-cv-1865, 2017 U.S. Dist. LEXIS 177985, at *3 (S.D. Cal. Oct. 25,

11 2017) ("compelling reasons exist to seal the documents as they contain private

12 financial records of both parties"); *see also Apple Inc. v. Samsung Elecs. Co.*, 727

13 F.3d 1214, 1223, 1226 (Fed. Cir. 2013) (reversing district court's ruling to unseal

14 confidential documents where the parties sought to seal "product-specific financial

15 information, including costs, sales, profits, and profit margins").

16    Public disclosure of the confidential financial information above would allow

17 competitors, customers, and other parties to access confidential information about

18 Defendants' sales, expenses, internal valuations. This could, for example, provide

19 competitors with insight into Defendants' sales trajectories, and how Defendants are

20 allocating expenses and investments across various aspects of their business,

21 potentially causing harm to Defendants.

22    Further, public disclosure of the confidential marketing and strategy documents

23 would allow competitors, customers and other parties to access this confidential

24 information and learn Defendants' highly confidential analyses of the market and

25 aspects of the business, including the competitive landscape; Defendants' marketing

26 plans, Defendants perceived strengths and weaknesses in themselves and among

27 competitors, as well as Defendants' strategic priorities and plans across its businesses

28 as a whole.    Public disclosure of this information would reveal Defendants'

confidential business analyses and plans—highly sensitive non-public market intelligence—to competitors who could use the information to damage Defendants' strategic plans and place Defendants at a significant competitive disadvantage. *See Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding a compelling reason where disclosure would reveal "sources of business information that might harm a litigant's competitive standing") (internal citation omitted).

Accordingly, compelling reasons exist to keep this confidential financial information, as well as the portions of the parties briefing that cite or refer to them, confidential.

### D.    SETTLEMENT AGREEMENT AND OTHER DOCUMENTS RELATING TO FORENSIC INVESTIGATION

| Bates Number | Description | Rationale |
| --- | --- | --- |
| N/A | This is a December 15, 2023 Settlement Agreement and Forensic Investigation and Deletion Protocol | This settlement agreement contains confidentiality provisions and publicly disclosing the agreement would be a breach of those provisions. Defendants do not publicly disclose such agreements. |
| N/A | Jeffrey Teso email of April 7, 2025 to counsel, subject line "Snap-on/Autel: Investigation - Notice of Additional Repositories Under Section IX of Forensic Investigation & Deletion Protocol" | This investigation involves discussions regarding Autel business information, including methods to access documents, company data, and data storage, which are highly confidential. Defendants do not publicly disclose this information. |
| N/A | Max Levy email of May 12, 2025 to counsel, subject line "RE: Snap-on_Autel_ Investigation - Notice of Additional Repositories Under Section IX of | This investigation involves discussions regarding Autel business information, including methods to access documents, company data, |

DEFENDANTS' MOTION TO FILE UNDER SEAL
CASE NO. 3:21-cv-1339-CAB-BGS

| Bates Number | Description | Rationale |
|---|---|---|
| | Forensic Investigation & Deletion Protocol" | and data storage, which are highly confidential. Defendants do not publicly disclose this information. |
| N/A | Jeffrey Teso email of March 6, 2025 to Dan Roffman and Chelsea Ye, subject line "Re: Snapon/Autel – Supplemental Detail on E0015" | This investigation involves discussions regarding Autel business information, including methods to access documents, company data, and data storage, which are highly confidential. Defendants do not publicly disclose this information. |
| N/A | Benson Mak email of March 13, 2025 to Jeffrey Teso, Dan Roffman, and Chelsea Ye, subject line "Snapon/Autel – Supplemental Detail on E006 | This investigation involves discussions regarding Autel business information, including methods to access documents, company data, and data storage, which are highly confidential. Defendants do not publicly disclose this information. |

The information identified above reflects Defendants' highly confidential settlement agreement and highly confidential forensic investigation and methods to access Defendants' documents, company data, and data storage.

The Ninth Circuit has expressly recognized that compelling reasons exist for sealing the terms of agreements including payment and other financial information. *See Elec. Arts, Inc.*, 298 F. App'x at 569 (finding compelling reasons for the sealing of "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements). Courts in this District have also recognized that information subject to confidentiality agreements may also meet the 'compelling reasons' standard when accompanied by a particularized factual showing." *In re Qualcomm Litig.*, No. 3:17-

cv-0108, 2018 U.S. Dist. LEXIS 70648, at *16 (S.D. Cal. 2018) (citing *Foltz*, 331 F.3d at 1137-38) (finding compelling reasons to seal information relating to licensing terms, royalties paid or owed under license agreements, and financial terms, along with confidential business agreements and information subject to confidentiality and non-disclosure provisions with third parties).  The confidential agreement includes terms such as payment and other financial terms agreed to by the parties, and thus contain proprietary business information about the party and third-party signatories. These agreements are also subject to confidentiality provisions, which show that the parties have a good faith belief that the information is confidential.

Public disclosure of the terms in the December 15, 2023 settlement agreement and related documents would give competitors information that the parties keep confidential and would likely cause substantial economic and competitive harm to the parties.  Further, because the agreement is subject to confidentiality obligations, the parties thereto are prohibited from publicly disclosing the agreements and the terms included therein.  At § 8.3, the December 15, 2023 settlement agreement contains detailed confidentiality provisions that require the agreement terms to remain confidential except for specific carve outs and the Permanent Injunction.  Notably, the confidentiality provision does not include a carve out for the forensic protocol (exhibit 2 to the agreement), meaning it is required to remain confidential.  Although the permanent injunction is public, the parties have never publicly disclosed the settlement agreement and are prohibited from doing so under its terms.

Further, documents related to forensic investigations of internal computer systems contain sensitive information such as methods of accessing documents, company data, and data storage, regarding "cyber security systems that, if made public, could make it vulnerable to cyber attack and could serve the interests of [] competitors" and should be filed under seal. *Sanguinetti v. Nevada Rest. Servs., Inc.*, No. 2:21-CV-1768, 2023 WL 6445005, at *1 (D. Nev. Oct. 3, 2023); *see also In re PersonalWeb Techs., LLC Pat. Litig.,* No. 18-MD-02834-BLF, 2019 WL 13033990,

at *2 (N.D. Cal. Dec. 16, 2019) (finding "compelling reasons" to seal "highly sensitive information about the technical design and operation" of defendant's services, and recognized that public disclosure of such information would create "undue risk of serious harm by revealing trade secrets and confidential information"); *see also Frayer v. NSF Int'l*, No. 20-CV-10682, 2021 WL 3912756, at *2 (E.D. Mich. Sept. 1, 2021) (granting motion to seal internal investigation report, finding "compelling interest in keeping information from the investigative report private" and that the "public's interest in the investigative report is low). These documents also implicate confidential information of the company that conducted the forensic examination, a third party.

Accordingly, compelling reasons exist to maintain the confidentiality of this information, as well as the portions of Plaintiffs' briefing that cite or refer to them.

## IV.    FACTS SOUGHT TO BE SEALED

In addition to the documents listed above, Plaintiff's notice included a list of purported factual assertions that Plaintiff intends to include in its motion that Defendants believe should be sealed if included in Plaintiff's motion.   These assertions are drawn from the confidential forensic investigation and there are compelling reasons to grant Defendants' request to file under seal.

Plaintiffs' Counsel's original notice email is being lodged as **Exhibit A**, and an annotated reproduction of the notice email is being lodged as **Exhibit B** for the Court's review and consideration. Exhibit B shows nine enumerated factual assertions highlighted in yellow in the list received from counsel.

Factual assertions 1-9 as shown in Exhibit B are drawn from the highly confidential forensic investigation (as noted above with respect to the confidentiality provisions governing the forensic protocol attached as exhibit 2 to the December 15, 2023 settlement agreement) into Autel's internal systems for accessing documents and company data and data storage that was conducted by a third-party and is not publicly known.  This information implicates individuals who are identified by name

and information about Defendants' confidential strategy and market focus information. Defendants do not publicly disclose this information. Further, how this information will be used by Plaintiffs in their briefing is unknown, which may bear on the confidentiality of the above facts, and Defendants request that this information remain sealed out of an abundance of caution.

Therefore, for the same reasons discussed in §§ III.B-III.D above, compelling reasons exist to maintain the confidentiality of this information, as well as the portions of Plaintiffs' briefing that cite or refer to it.

## V.    CONCLUSION

Pursuant to Judge Bencivengo's Civil Case Procedures Rule V.B, Defendants will deliver to the Court unredacted, unfiled copies of the Proposed Sealed Documents within 24 hours after filing of this Motion.

For the foregoing reasons, Defendants respectfully requests the Court grant its Motion to File Documents Under Seal.

Dated:  June 27, 2025                FISH & RICHARDSON P.C.

By: */s/ Tim Rawson*
        Tim Rawson

Attorneys for Defendants
AUTEL. US INC., and AUTEL
INTELLIGENT TECHNOLOGY
CORP., LTD.