1   KENNETH A. KUWAYTI (CA SBN 145384)
    KKuwayti@mofo.com
2   MAX I. LEVY (CA SBN 325293)
    MLevy@mofo.com
3   MORRISON & FOERSTER
    755 Page Mill Road,
4   Palo Alto, California 94304-1018
    Telephone:  650.813.5600
5   Facsimile:   650.494.0792

6   JOHN R. LANHAM (CA SBN 289382)
    JLanham@mofo.com
7   MORRISON & FOERSTER LLP
    12531 High Bluff Drive
8   San Diego, California 92130-2040
    Telephone: 858.720.5100
9
    Attorneys for Plaintiffs
10  MITCHELL REPAIR INFORMATION
    COMPANY, LLC and SNAP-ON
11  INCORPORATED

12                  **UNITED STATES DISTRICT COURT**

13               **SOUTHERN DISTRICT OF CALIFORNIA**

14

15  | MITCHELL REPAIR INFORMATION | Case No. 3:21-cv-01339-CAB-BGS |

MITCHELL REPAIR INFORMATION
COMPANY, LLC, a Delaware limited
liability company, and SNAP-ON
INCORPORATED, a Delaware
corporation,

                    Plaintiffs,

        v.

AUTEL. US INC., a New York
corporation, and AUTEL
INTELLIGENT TECHNOLOGY
CORP., LTD., a Chinese corporation,

                    Defendants.

Case No. 3:21-cv-01339-CAB-BGS

**PLAINTIFFS'
ADMINISTRATIVE MOTION TO
FILE UNDER SEAL RELATING
TO MOTION TO FIND AUTEL
IN CONTEMPT OF
PERMANENT INJUNCTION
AND TO COMPEL
COMPLIANCE WITH
SETTLEMENT AGREEMENT**

Courtroom:  15A
Judge:  Hon. Cathy Ann Bencivengo

PER CHAMBERS RULES,
NO ORAL ARGUMENT
UNLESS SEPARATELY
ORDERED BY THE COURT

## I.    INTRODUCTION

Pursuant to Civil Local Rule 79.2, Judge Bencivengo's Chambers Rule V(A), and the Electronic Case Filing Administrative Policies and Procedures Section 2(j), Plaintiffs move to file under seal portions of an exhibit to their forthcoming Motion to Find Autel in Contempt of Permanent Injunction and to Compel Compliance with Settlement Agreement ("Contempt Motion"): the parties' December 15, 2023 Settlement Agreement.

Pursuant to Chambers Rule V, instead of lodging the proposed sealed document on the docket, Plaintiffs will provide a courtesy copy to the Court's Chambers.  In that copy, green highlighting reflects information subject to Plaintiffs' request to seal.

## II.    ARGUMENT

### A.    Legal Standard

Although there is a "general right to inspect and copy public records and documents," the right "is not absolute."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978).  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Id.* at 598; *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1996) (noting considerations that weigh against disclosure include "the likelihood of an improper use, including . . . trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights") (citation and internal quotation marks omitted); *Sullivan v. Deutsche Bank Ams. Holding Corp.*, No. 08-CV-2370-L-POR, 2010 WL 3448608, at *2 (S.D. Cal. Aug. 31, 2010) (finding "likelihood of an improper use by competitors and the proprietary nature of the confidential information" compelling reason to seal documents).

Courts have "broad latitude . . . to prevent disclosure of materials for many types of information."  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307

MOFO-357930864

F.3d 1206, 1211 (9th Cir. 2002).  The public's common law right of access to judicial records "does not apply to documents filed under seal."  *Id.* at 1213.  Courts have maintained documents under seal where the information contained therein could permit competitors to "gain access to operational and personnel information, projections and modeling, and strategic positioning vis-a-vis its competitors." *Rich v. Shrader*, No. 09-CV-00652-AJB-BGS, 2013 WL 6190895, at \*2 (S.D. Cal. Nov. 26, 2013).

### B.    Compelling Reasons Exist to File the Settlement Agreement's Financial Terms Under Seal

Defendants Autel. US Inc. and Autel Intelligent Technology Corp., Ltd. (collectively, "Autel") have moved to seal the Settlement Agreement in its entirety, along with other exhibits and information that will appear in the Contempt Motion. (ECF No. 66 ("Autel Sealing Motion").)  Because the Settlement Agreement is confidential by its terms, Plaintiffs do not oppose Autel's request to seal that document.  To the extent the Court grants the Autel Sealing Motion in whole or in part, Plaintiffs will redact the Contempt Motion and accompanying exhibits accordingly.

Should the Court not grant the Autel Sealing Motion, Plaintiffs request that they be permitted to seal three limited portions of the Settlement Agreement: (1) financial terms, (2) Plaintiffs' banking information, (3) the agreement's signature block.

The Settlement Agreement's financial terms (Settlement Agreement § 3.1) constitute sensitive business information, the public dissemination of which would harm Plaintiffs by, *inter alia*, allowing third parties competitive insight into Plaintiffs' settlement negotiation practices.  (Declaration of John Lanham in Support of Plaintiffs' Motion to Seal ("Lanham Decl.") ¶ 2); *see Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993) ("The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court

protection"); *see also Williams & Cochrane, LLP v. Quechan Tribe of the Fort Yuma Indian Rsrv.*, No. 3:17-CV-01436-GPC-MDD, 2017 WL 7362744, at *2 (S.D. Cal. Nov. 7, 2017) (agreeing that "preventing the disclosure of confidential negotiations" is "a compelling reason to restrict public access" to a complaint referencing the negotiations).

The bank account information appearing in Exhibit 3 to the Settlement Agreement also constitutes Plaintiffs' proprietary business information.  Public disclosure of that information would pose an information and financial security risk.  (Lanham Decl. ¶ 3); *see Iconic Mars Corp. v. Kaotica Corp.*, No. 22-CV-0092-CAB-DEB, 2025 WL 1296697, at *2 (S.D. Cal. May 2, 2025) (finding good cause to seal "sensitive financial information," including plaintiff's "US Bank account statement"); *see also SteppeChange LLC v. VEON Ltd.*, 354 F. 24 II Supp. 3d 1033, 1045–46 (N.D. Cal. 2018) (granting motion to seal documents containing nonpublic pricing terms and private bank account information); *see also NML Cap., Ltd. v. Republic of Argentina*, No. 2:14-cv-492-RFB-VCF, 2015 WL 3489684, at *2 (D. Nev. June 3, 2015) (finding good cause to seal "bank records that contain sensitive financial information, including bank account numbers").

Finally, the signature block of the agreement contains the identity and the signature of the signors.  As to Plaintiffs, this information could be used to harm Plaintiffs or the individual signor by, for example, attempting unauthorized use of the information in connection with fraud or phishing activity.  (Lanham Decl. ¶ 4.)

Plaintiffs request that they be permitted to file this narrowly-tailored set of information under seal.

## III.    CONCLUSION

To the extent the Court is inclined to deny Autel's request to seal the Settlement Agreement in its entirety, Plaintiffs respectfully request that the Court permit them to file under seal at least the financial terms, banking information, and

1  signature block appearing in that exhibit.

2

3    Dated:  June 30, 2025                    MORRISON & FOERSTER LLP

4

5                                            By: */s/ John R. Lanham*
                                                 John R. Lanham

6                                            Attorneys for Plaintiffs
7                                            MITCHELL REPAIR INFORMATION
                                             COMPANY, LLC and SNAP-ON
8                                            INCORPORATED

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO FILE UNDER SEAL
CASE NO. 3:21-CV-01339-CAB-BGS