UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL REPAIR INFORMATION COMPANY, LLC, et al.,<br><br>                        Plaintiffs,<br><br>v.<br><br>AUTEL US INC., et al.,<br><br>                        Defendant. | Case No.: 3:21-cv-01339-CAB-BGS<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>[Doc. Nos. 66, 67] |

Defendants Autel, US Inc. and Autel Intelligent Technology Corp., Ltd. ("Defendants" or "Autel") have moved to seal portions of Plaintiffs' expected briefing in support of the forthcoming motion for contempt of the permanent injunction filed in this matter. [Doc. No. 66.] Plaintiffs do not oppose Defendants' request, and in the alternative, have filed their own motion to seal should the Court fail to grant Defendants' motion in whole or in part. [Doc. No. 67.]

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978); *see Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1996) (noting considerations

that weigh against disclosure include "the likelihood of an improper use, including . . . trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights") (citation and internal quotation marks omitted).

The documents that Defendants seek sealed include orders from the parties' confidential arbitration, internal communications, and memos containing confidential product information, employee practices, personal employee information, and customer data. Numerous courts have concluded that the exposure of such confidential financial information provides a compelling reason to seal. *See, e.g., In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161–62 (N.D. Cal. 1992). The same general logic applies to the terms of a confidential settlement agreement, the documents generated from confidential forensic investigations, and the expected factual assertions drawn from those confidential investigations (as specifically identified by Defendants). *See, e.g., Johnson v. Barber & Assocs. LLC*, No. 3:24-CV-00214-SLG, 2025 WL 417786, at *4 (D. Alaska Feb. 6, 2025) (recognizing well-established policy of protecting confidential materials).

In this case, having reviewed the specifically identified documents, assertions, and the accompanying declaration, the Court finds that Defendants have sufficiently shown that good cause and compelling reasons exist to justify sealing. The Court grants Defendants' motion to seal in its entirety. As such, Plaintiffs' motion to seal is denied as moot.

It is **SO ORDERED**.

Dated: July 15, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge